775 P.2d 145

**Rod MILLIRON, Plaintiff–Respondent,**

v.

**Linda MILLIRON, Defendant–Appellant.**

No. 17633.

Court of Appeals of Idaho.

May 1, 1989.

Petition for Review Denied July 11, 1989.

Stanley W. Welsh of Clemons, Cosho & Humphrey, Boise, for defendant-appellant.

James A. Bevis of Manweiler, Bevis & Cameron, Boise, for plaintiff-respondent.

WINMILL, Judge Pro Tem.

On appeal to the district court, a magistrate's judgment awarding joint legal custody of two minor children to Rodney and Linda Milliron with primary physical custo-

dy to Mr. Milliron was affirmed. Mrs. Milliron appeals from the district court's decision. Today we also affirm the magistrate's judgment.

The pertinent facts are as follows. Rodney and Linda Milliron of Boise were married for approximately five years when in March of 1986 they decided to separate. During this initial period of separation the couple agreed that their two minor children, Nickole, born in November of 1982, and Nathan, born in October of 1984, would remain in the custody of Linda. Rodney was allowed to visit the children on alternating weekends. Six months after the separation Rodney moved to Florida to reside with his sister. While in Florida, Rodney enrolled in a community college in an attempt to facilitate a career change. During this time Rodney also provided Linda with financial assistance to support her and the children.

In March of 1987 an order was entered dissolving the marriage. Trial on the issue of custody commenced in June. At trial, testimony was presented regarding Rodney's and Linda's parenting abilities, as well as expert testimony giving recommendations for custody arrangements. Based on the evidence presented, the trial court found that both parties were fit parents and awarded joint legal custody; nevertheless, the court determined that the best interests of the children were served by granting primary physical custody to Rodney who would be residing in Florida.

On appeal, we note first that we are not bound by the district court's appellate decision. We exercise free review focusing directly on the correctness of the magistrate's determination independently of the decision of the district court. *Roeh v. Roeh*, 113 Idaho 557, 746 P.2d 1016 (Ct. App.1987). Linda has raised several issues relating to the magistrate's exercise of dis-

cretion in determining the children's best interests and the resultant custody award granted under I.C. § 32–717. Linda's contentions include: (1) that the court erred in failing to follow the recommendations presented for the structure of the custody award; (2) that the court failed to adequately consider the factors enumerated in I.C. § 32–717 in its decision; (3) that the court improperly compared the fitness of the two parents; (4) that the court erred in considering irrelevant character evidence; and (5) that the court failed to consider the effect of Rodney's move outside the state in the determination of the custody award.

Under I.C. § 32–717 a court is directed to determine the best interests of the children when it makes a custody decision. In turn, the statute provides the court with a list of six relevant factors to aid in making this determination.[1] A decision involving child custody is committed to the sound discretion of the trial court. *Biggers v. Biggers*, 103 Idaho 550, 650 P.2d 692 (1982). Abuse of that discretion occurs only when the trial court ignores the applicability of these relevant factors or when the evidence is insufficient to support the conclusion that the interests and the welfare of the minor children would be best served by the particular custody award granted. *Roeh v. Roeh, supra; Biggers v. Biggers, supra.* After a consideration of the record and appellant's arguments we conclude that the trial court did not abuse its discretion in granting primary physical custody to Rodney.

We discuss each of Linda's allegations of error in turn. Linda's first contention that the court erred by not following the custody recommendations made by the parties may be dismissed by reiterating that the decision awarding custody is discretionary. In making a custody determination, the court's paramount concern is the children's welfare and best interests.

---

1. The factors recited in § 32–717 are:
   1. The wishes of the child's parent or parents as to his or her custody;
   2. The wishes of the child as to his or her custodian;
   3. The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
   4. The child's adjustment to his or her home, school, and community;
   5. The mental and physical health and integrity of all individuals involved; and
   6. The need to promote continuity and stability in the life of the child.

*Shumway v. Shumway,* 106 Idaho 415, 679 P.2d 1133 (1984). The language of I.C. § 32–717 does not shackle a court to only those custody arrangements advanced by the parties. This statute instead provides the court with a means to fashion an arrangement which it finds "necessary or proper in the best interests of the children." If the court, within its discretion, decides that the best interests of the children demand a custody arrangement different from that recommended by experts chosen by the adversarial parents, then under the terms of I.C. § 32–717 it is empowered to do so.

■ We also reject Linda's second contention that the court failed to consider the factors of I.C. § 32–717. This contention is not supported by the record. The trial court made extensive findings on the issue of custody and deliberately tracked through the factors found in I.C. § 32–717. The applicability of each factor was discussed along with the pertinent conflicting evidence presented by the parties. In our view, the trial court gave a thorough consideration to the controlling provisions of I.C. § 32–717.

■ We disagree also with Linda's third allegation that the trial court erred by engaging in a comparison which pitted the "fitness" of the two parents against one another. Linda focuses upon the trial court's determination that both parents were basically fit and argues that as a result, the issue of fitness should not have been a controlling factor in deciding custody. We do not perceive, however, any impropriety in the court's action. The directive of I.C. § 32–717 is clear. The court *shall* consider all relevant factors in its determination of the children's best interests. No less than three of the factors enumerated in the statute reflect directly on the fitness of the parents. A finding by the trial court that both parents are fit does not preclude the court from inquiring into each parent's respective capabilities and their comparative fitness.

■ It appears that the trial court after weighing the evidence of each parent's integrity, character, emotional stability and physical health found, as is most often the case, two basically fit parents. The court then compared each parent's corresponding abilities. In this case the court determined that the evidence in the record favored Rodney. While Rodney and Linda exhibited the necessary capabilities in raising their children, Rodney was found to have, of the two, the better parenting and homemaking skills. This finding is supported by substantial evidence in the record and such a determination by the trial court was not in error. I.R.C.P. 52(a).

■ Fourth, Linda argues that the court improperly considered character evidence which was too remote in time to be relevant. Linda cites the recent decision from this Court in *Roeh v. Roeh, supra,* in support of the proposition that the trial court, in making a custody determination, must focus upon evidence which relates to the current fitness of a parent and not that which that reflects conduct more remote in time. Linda argues that the court improperly focused on evidence of past illegal activity engaged in by her and Rodney and as a result, the court ignored her current behavior and parenting abilities.

We do not believe that the evidence considered by the court suffered from a *Roeh* timeliness deficiency. Evidence considered by the trial court included previous use of narcotics by Rodney and Linda at times prior to their separation in March of 1986. This evidence is not, as in the case of *Roeh,* removed from relevancy. In *Roeh* we were confronted with evidence of behavior which preceded the parties' marriage and concerned past conduct with no tie of this behavior to the parents' present relations or parenting skills. In this case, the evidence considered by the trial court was not of such a remote or non-relevant nature. The testimony regarding improper behavior concerned not only Linda's past lifestyle before the separation but directly confronted the question of what present behavior could be expected from Linda if she was granted custody. It is plain that all the evidence considered by the court was relevant to its consideration of the parents' present fitness. The findings of the court

recognized the past improper acts and focused on testimony which established either a continuation or modification of the parties' behavior or environment.

We also dismiss Linda's last argument concerning the court's failure to consider Rodney's move out of the jurisdiction to Florida. The findings made by the trial court specifically mention the court's consideration of the more beneficial emotional and financial support system which Rodney has established in Florida. The court's custody decision was based in part on a valid comparison by the judge of the environment maintained by each parent at their respective residences. Due to the obvious geographic problems presented and the court's concern over the continuity and stability of the children's environment, the court found split physical custody inappropriate. While this may reduce the frequency of Linda's contact with the children, the trial court is not required to adopt a custody arrangement which provides both parents with equal contact with the children. If, as the court decided here, the best interests of the children are served by their residing with their father in Florida, then such an arrangement should be incorporated into the court's custody order.

Respondent has requested attorney fees on appeal. After a consideration of his arguments and the standards set forth in I.C. § 12-121 and *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979), we decline to grant such an award.

The order of the district court, upholding the magistrate's judgment, is affirmed. Costs to respondent.

WALTERS, C.J., and SWANSTROM, J., concur.