836 P.2d 529

**Verna LEVIN, aka Verna Rae Harrah, Petitioner–Appellant,**

v.

**Donald LEVIN, Respondent.**

No. 19285.

Supreme Court of Idaho, Boise, April 1992 Term.

July 10, 1992.

Rehearing Denied Sept. 30, 1992.

Givens, Pursley, Webb & Huntley, Boise, for petitioner-appellant.

Trope & Trope, Los Angeles, Cal., Sorrell Trope argued; Cosho, Humphrey, Greener & Welsh, Boise, Stanley W. Welsh argued, for respondent.

BAKES, Chief Justice.

This is a child support and custody modification case. Verna Harrah Levin and Dr. Donald Levin were divorced in 1986 after five years of marriage. The divorce decree provided for the custody and support of the parties' minor daughter Samantha, and largely comported with a stipulation en-

tered between the parties. Under the terms of the decree, the parties were awarded joint legal and physical custody, with Dr. Levin as primary physical custodian. Mrs. Harrah, who is the beneficiary of a trust which at the time of trial paid a large amount of income [in excess of $13,-000,000] annually, was required to pay $1,000 a month in child support. Mrs. Harrah was also given visitation rights for two consecutive months every summer, for four consecutive days on alternating weekends while Samantha was with her father, and for a two-week period coinciding with Easter and the Christmas holidays.

From the time of the parties' separation until September of 1989, Mrs. Harrah primarily exercised her visitation in Sun Valley where she maintained a residence. Thereafter, she exercised her visitation in Los Angeles, dispatching her personal jet to transport Samantha to and from Dr. Levin's residence in Blaine County, Idaho.

In 1989, Mrs. Harrah sought a change of custody. She offered to pay Dr. Levin, a physician, $10,000 a month to offset his loss of income from his medical practice and estimated travel expenses for traveling to Los Angeles to visit Samantha if he would stipulate to a change in custody. When he declined the offer, Mrs. Harrah sought to modify the decree so that Samantha's primary residence and physical care would be with her. Dr. Levin opposed Mrs. Harrah's motion and moved to increase the amount of child support paid by Mrs. Harrah. After five days of testimony, the magistrate denied Mrs. Harrah's motion for a change in custody finding no permanent material change of circumstances warranted a change in physical custody. The magistrate granted Dr. Levin's motion to modify child support, increasing the award from $1,000 a month to $10,000 a month, and ordered the payments be paid retroactive from the date the motion to modify child support was filed. The magistrate also awarded Dr. Levin attorney fees and costs for having to defend Mrs. Harrah's motion to modify. After the district court

affirmed the decision of the magistrate, Mrs. Harrah brought an appeal to this Court seeking review of the magistrate's order.

## I.

### Custody Modification

■ Mrs. Harrah asserts that the court erred in denying her motion to change custody. It is well established that the determination of whether to modify child custody is left to the sound discretion of the trial court, and this Court will not attempt to substitute its judgment and discretion for that of the trial court except in cases where the record reflects a clear abuse of discretion. *Biggers v. Biggers*, 103 Idaho 550, 650 P.2d 692 (1982); *Chislett v. Cox*, 102 Idaho 295, 629 P.2d 691 (1981); *Overman v. Overman*, 102 Idaho 235, 629 P.2d 127 (1980). As we have noted on previous occasions, an abuse of discretion occurs where there is insufficient evidence to support the court's finding regarding the best interest of the child. *Biggers v. Biggers, supra; Chislett v. Cox, supra.* Also, an abuse of discretion can occur if the trial court misapplies the law or fails to reach its decision by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power*, 119 Idaho 87, 803 P.2d 993 (1991). The party seeking modification clearly has the burden of justifying a change in custody, *Biggers v. Biggers, supra,* and although the threshold question is whether a permanent and substantial change in the circumstances has occurred, the paramount concern is the best interest of the child. *Cope v. Cope*, 98 Idaho 920, 576 P.2d 201 (1978); *Poesey v. Bunney*, 98 Idaho 258, 561 P.2d 400 (1977).

■ Mrs. Harrah asserts the trial court erred in determining no change in circumstances had occurred and that it was not in the best interest of Samantha to have the custody order modified. In support of her motion, Mrs. Harrah asserted the following: that due to her deteriorating health [1]

---

1. According to the record, Mrs. Harrah suffers from a serious kidney ailment which has re-
quired special medical treatment including an attempted kidney transplant, and an ongoing

and the fact that Samantha had now entered grade school, thus precluding her from visiting her mother for four consecutive days on weekends, Mrs. Harrah would not be able to exercise visitation to the extent previously exercised; that Dr. Levin's bachelor lifestyle created instability; that Samantha's needs had changed during the five years since the original decree was entered, including an increased importance of having a same sex role model; that Samantha desired to reside with her mother; that Samantha would be better able to benefit from Mrs. Harrah's resources if she resided with her mother; and the advantages of cosmopolitan versus rural living.

■■■■ Mrs. Harrah also contends the magistrate committed reversible error by discounting the expert testimony of Dr. Chase, a psychiatrist and divorce mediator with impressive credentials. However, it is well established in Idaho that the credibility of witnesses and the weight to be accorded the evidence is for the trier of fact. *E.g., In the Case of Graham,* 103 Idaho 824, 654 P.2d 1377 (1982). As we have previously noted:

> When an action is tried to the court, without benefit of a jury, determinations as to the credibility of witnesses, the weight to be given their testimony, its probative effect and the inferences and conclusions to be drawn therefrom, are all matters within the province of the trial court.

*Isaacson v. Obendorf,* 99 Idaho 304, 308, 581 P.2d 350, 354 (1978). Furthermore, it is clear that a court is not bound by the testimony of experts. *See,* I.R.E. 702; I.R.C.P. 52(a); *Simpson v. Johnson,* 100 Idaho 357, 597 P.2d 600 (1979) (expert opinion not binding on trier of fact and, provided the trier of fact does not act arbitrarily, may be rejected even when uncontradicted); *see also Milliron v. Milliron,* 116 Idaho 253, 775 P.2d 145 (Ct.App.1989) (court may disregard recommendations of experts chosen by adversarial parties and order a

different custody arrangement if that is within the best interest of the child).

After a review of the record, we are satisfied that the magistrate did not abuse its discretion in weighing the evidence and ultimately denying Mrs. Harrah's motion to modify custody. Although she did present some substantial evidence in support of her motion, Dr. Levin also produced substantial testimony in support of his retaining custody. The evidence overall was conflicting. Because the record demonstrates sufficient evidence to support the magistrate's findings, we hold that the magistrate did not abuse its discretion in denying Mrs. Harrah's motion to modify child custody. *See Sun Valley Shopping Center, Inc. v. Idaho Power,* 119 Idaho 87, 803 P.2d 993 (1991); *Biggers v. Biggers,* 103 Idaho 550, 650 P.2d 692 (1982); *Chislett v. Cox,* 102 Idaho 295, 629 P.2d 691 (1981).

## II.

### Child Support

■■■■ Mrs. Harrah asserts the trial court erred by granting Dr. Levin's motion to modify child support and increasing the award from $1,000 a month to $10,000 a month. As with a motion to modify child custody, the determination of whether to modify a child support award is left to the sound discretion of the trial court, and where that discretion has been properly exercised it will not be disturbed on appeal. *Reid v. Reid,* 121 Idaho 15, 822 P.2d 534 (1992); *Sun Valley Shopping Center, Inc. v. Idaho Power,* 119 Idaho 87, 803 P.2d 993 (1991); *Yost v. Yost,* 112 Idaho 677, 735 P.2d 988 (1987). Similarly, the party seeking modification of the support award has the burden of demonstrating a material, permanent and substantial change of circumstances. *See* I.C. § 32–709; *Nomer v. Kossman,* 100 Idaho 898, 606 P.2d 1002 (1980); *McFarlin v. Crawford,* 97 Idaho 458, 546 P.2d 855 (1976).

■■■■ Mrs. Harrah contends the record does not support a finding of a material,

---

dialysis. Mrs. Harrah testified that she moved from the Sun Valley area because she had increased health problems at the high altitude, and on her physician's recommendation that she live in close proximity to a specialized medical facility.

permanent and substantial change of circumstances justifying the increase in child support. Furthermore, she contends that the trial court erred when it concluded that the prior support order entered by a different magistrate in the original divorce action was "overly restrictive" and did not properly apply the 1980 amendments to I.C. § 32–706, relating to the standard of living the child enjoyed during the marriage.

The trial court's portrayal of the prior magistrate's support award as being overly restrictive and not giving adequate weight to the 1980 amendments to I.C. § 32–706, amounted to a collateral attack on the earlier court's judgment which had not been appealed. Dr. Levin did introduce evidence concerning a change of circumstances, such as the fact that he was building a much larger and more expensive house, and therefore the housing expenses would be increased by $5,000 a month for debt service; that there was an increase in expenses associated with a growing number of activities that Samantha was engaging in; and Samantha's increased awareness relating to the disparity between her parents' relative wealth and lifestyles. Nevertheless, because the magistrate's finding of a material, permanent and substantial change in circumstances was based partially upon its erroneous collateral attack upon the prior court's support order, we vacate that finding and direct the trial court to reconsider the issue of whether there was a material, permanent and substantial change of circumstances relating to child support.[2]

Mrs. Harrah also asserts that the trial court abused its discretion in determining the amount of child support ordered and in requiring the payments to be made retroactive from the date of the filing of the motion to modify the child support award. We further agree.

The analysis of whether or not a trial court has abused its discretion includes: 1) whether the trial court correctly perceived the issue as one of discretion; 2) whether the trial court acted within the outer boundaries of this discretion and consistently with the legal standards applicable to the specific choices available to it; and 3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power*, 119 Idaho 87, 803 P.2d 993 (1991).

In determining the appropriate amount of a child support award, the trial court reasoned:

> The plaintiff, herself has set the figure the Court is awarding. She indicated that if the defendant were to become the secondary physical custodian, $10,000 a month would be a reasonable sum. Given that he is going to continue to have custody for 60% of the time, that same amount can't be too much.

The record reveals that Mrs. Harrah suggested the $10,000 figure in a letter to Dr. Levin in which she proposed a stipulated change of the order giving primary custody to him. The letter noted that such a change would require Dr. Levin to travel to Los Angeles to visit Samantha, and would require him to spend significant time away from his medical practice. Therefore, Mrs. Harrah suggested a willingness to pay Dr. Levin $7,500 a month to offset his loss of income, and $2,500 a month to cover the estimated travel expenses. Because Dr. Levin never stipulated to this proposal, and because the court never ordered a change in custody, Mrs. Harrah's proposal of the $10,000 figure is irrelevant and would not provide a rational basis for the trial court's decision. As such, the trial court's decision does not comply with the third step of the

---

**2.** The trial court determined that the child support guidelines, or at least their underlying principles, required consideration of work-related child care costs. The child support guidelines in effect at the time the trial court entered its order to modify, precluded the application of the guidelines in determining whether or not a material, permanent and substantial change of circumstances had occurred. However, the child support guidelines amended on May 1, 1992 and effective July 1, 1992, provide:

> **Section 5. Modifications.** The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations.

*Sun Valley* analysis, requiring a court to reach its decision by an exercise of reason. Mrs. Harrah's offer, which was based on a proposed change of custody which never occurred, was not a basis on which to make a change in the earlier award of child support.

Accordingly, the trial court's order modifying the original child support award is vacated, and the case is remanded to the trial court to re-evaluate the evidence consistent with this opinion, and to make appropriate findings of fact and conclusions of law regarding whether or not a material, permanent and substantial change of circumstances has occurred since the entry of the original child support order in this case. If the trial court finds, based upon substantial, competent evidence, that a material, permanent and substantial change in circumstances has occurred which justifies a change in child support, the trial court shall make further findings of fact, not inconsistent with this opinion, regarding the amount of change in child support.

 With regard to that portion of the trial court's order which made the increase in child support retroactive to the date of filing of the motion to modify child support, a retroactive award of child support may be proper where expenses have actually been paid or incurred. However, in this case the record suggests that a large portion of the retroactive award was based upon costs of future mortgage payments on a residence not yet completed and future expenses related to an in-house day care provider. Requiring retroactive payments to expenses which had not actually been paid or incurred was error.

### III.

#### Attorney Fees

 Mrs. Harrah asserts the trial court erred by awarding Dr. Levin attorney fees pursuant to I.C. § 32–718. The decision to award attorney fees pursuant to I.C. § 32–718 is left to the sound discretion of the trial court. *Yost v. Yost*, 112 Idaho 677, 735 P.2d 988 (1987). I.C. § 32–718 provides:

**32–718. Vexatious or harassing modification proceedings.**—Attorney fees shall be assessed against a party seeking modification if the court finds that the modification proceeding is vexatious and constitutes harassment.

Vexatious has been defined as "without reasonable or probable cause or excuse." *Black's Law Dictionary* 1565 (6th ed. 1990). Accordingly, attorney fees would be proper in this case if Mrs. Harrah's motion was without reasonable or probable cause or excuse and constituted harassment.

The trial court found:

the primary motivation and only real reason that [Mrs. Harrah] filed the motion to modify in July 1989, was as reflected in her December, 1988, conversation with [Dr. Levin] and as appears in her July, 1988, affidavit which accompanied her motion; i.e. she simply believed it was "her turn" to be the primary custodial parent, because she was tired of being the one inconvenienced by the travel between Los Angeles and Blaine County.

The trial court also noted that:

Verna's attorneys, faced with an ex post facto task of finding a change to justify the motion, shot-gunned the evidence and relied so heavily upon post-motion matters to justify a change that had already been asserted.

\* \* \* \* \* \*

Because the Court has found no change in circumstances had taken place, before this motion was filed, and that the real motivation was simply that [Mrs. Harrah] didn't like the prior order and thought it was her turn to be primary custodian, the Court believes that this matter was brought vexatiously and harassingly and that attorney fees should be awarded pursuant to Section 32–718 I.C.

Although the evidence was conflicting in this case, after a review of the record we cannot conclude that the trial court abused its discretion in awarding attorney fees. Accordingly, the award of attorney fees is affirmed.

## IV.

### Conclusion

The trial court's denial of Mrs. Harrah's motion to modify custody is affirmed. The trial court's order modifying child support is vacated and remanded for further findings consistent with this opinion. The trial court's award of attorney fees is affirmed. No costs or fees on appeal.

JOHNSON, J., and WALTERS and TROUT, JJ. Pro Tem., concur.

BISTLINE, Justice, writing separately.

The Chief Justice's opinion presents a comprehensive review of the underlying factual background which brings this controversy before the Court. Remaining with my own views which were forming at the time we heard oral argument earlier this year, and after having reviewed the briefs of counsel, I neither concur in nor dissent from the opinion of the Chief Justice. I do commend him heartily for his thorough discussion of the trial court's resolution of the controversy.

My notes (to myself) taken while hearing oral argument display my concern, "Who is looking out for Samantha's best interests in this unfortunate squabble of her father and mother?" If I were the designated author, and if I were commanding a majority, the Court this day would be neither affirming nor reversing, but would be vacating the district court's final judgment and remanding to that court, to set the case for retrial with a full complement of jurors.

Inherently it was not an exercise of good judgment for a district court to undertake to resolve a custody dispute where the singly most involved person is not the father, nor the mother, but the minor child who is not represented. What say did the minor child have in the imbroglio which surrounded her? A child is *not* a chattel; a child is a child. Samantha is the child at stake in this litigation where the parents argue as to who is the more entitled to custody, and the requisite amount of child custody to be paid to the custodial parent. Samantha is aught but a pawn in a game of chess.

Accordingly, if I were commanding a majority, our order of remittitur would include a proviso that the district court appoint forthwith, as guardian ad litem for Samantha, a person known to possess the requisite credentials for attending to such office. Furthermore, the guardian, if not an experienced practicing attorney, should be given the authority to retain competent counsel who will represent Samantha in any further litigation which involves the question of custody, both as to which of the parties should be the custodial parent, and as to the outlay for child support to be contributed by the other parent. The fees of the guardian and the attorney retained to represent Samantha would be chargeable against both of the parents; provided further as to in what proportions is a determination properly left to the district court.