911 P.2d 133

**Teresa Ann ROHR, nka Teresa Ann Lenhart, Plaintiff–Appellant,**

v.

**William Michael ROHR, Defendant– Respondent.**

No. 21507.

Supreme Court of Idaho, Pocatello, September 1995 Term.

Feb. 5, 1996.

John B. Kugler, Pocatello, for appellant.

Gregory C. May, Pocatello, for respondent.

McDEVITT, Chief Justice.

This is an action for modification of child support payments brought by William Michael Rohr (Rohr) against Teresa Ann Rohr, n.k.a. Teresa Ann Lenhart (Lenhart). The magistrate division modified the support payments based on its finding that there were substantial and material changes in the parties' circumstances since the last divorce decree. The magistrate's findings were affirmed by the district court. We affirm in part and reverse in part the findings of the magistrate.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Rohr and Lenhart were married on October 10, 1981, and divorced on July 28, 1986. One child, Shambray Rohr (Shambray), was born as issue of the parties on June 11, 1980. The divorce decree awarded Lenhart primary physical custody of Shambray, with Rohr having reasonable rights of visitation. Under the original divorce decree, Rohr was to pay $190.00 per month for the support of Shambray. On October 18, 1991, Rohr's child support payments for Shambray were increased to $384.91 per month.

On July 29, 1992, Rohr and his new wife had a baby boy named Nicholas Michael Rohr (Nicholas). Nicholas resides with Rohr and his new wife. On December 22, 1992, Rohr filed a petition to modify his child support payments. In his petition, Rohr claimed that the birth of an additional child constituted a permanent, material, and substantial change in circumstances that warranted modification of the divorce decree pursuant to the child support Guidelines. Lenhart answered arguing Rohr's petition should have been dismissed on the grounds that the magistrate did not have jurisdiction over Rohr's petition because an appeal was pending before the Idaho Court of Appeals and because Rohr had failed to state a claim upon which relief could be granted. Lenhart admitted that on July 29, 1992, Rohr and his

new wife had a baby boy named Nicholas Rohr.

A trial was held on July 16, 1993. Rohr testified during the trial that his salary was $14.72 per hour, that he averaged about 6 hours of overtime per month, which was paid at his normal hourly rate plus half of that rate, and that he was paid about $30.00 per month for his position as a union steward.

On August 24, 1993, Rohr was granted an order modifying Rohr's child support obligation. The magistrate reduced Rohr's support obligation for Shambray from $384.91 per month to $308.00 per month, based upon Rohr's reduced gross income, the birth of Nicholas, and Nicholas's need for support. The combination of these factors were found to constitute a permanent, material, and substantial change of circumstances since the last order modifying the divorce decree. The magistrate found that Rohr's income was $2,473.52 per month, including union pay of $30.00 a month and overtime of 6 hours per month. In addition, the magistrate found that Lenhart's income was $1,734.00 per month. Pursuant to the Idaho Child Support Guidelines (I.C.S.G.), the magistrate reduced Rohr's child support obligation to $308.00 per month by deducting $4,651.00 per year (for Nicholas's support) from Rohr's annual gross income of $29,676.00. I.C.S.G. §§ 7(3), 10(a). The reduction in Rohr's child support obligation was retroactively applied by the magistrate to the date of Rohr's petition to modify, December 18, 1992 [1]. Rohr was awarded costs and reasonable attorney fees by the magistrate as the prevailing party.

On September 7, 1993, Lenhart filed a motion to modify the magistrate's August 24, 1993 Findings of Fact, Conclusions of Law, and Order. On September 17, 1993, the magistrate entered Judgment in favor of Rohr pursuant to the magistrate's August 24, 1993 Findings of Fact, Conclusions of Law, and Order. On October 5, 1993, a hearing was held in which Lenhart objected to the magistrate's August 24, 1993 decision to award attorney fees to Rohr and argued the

---

1. The magistrate retroactively applied the reduction in Rohr's child support obligation to the date Rohr's petition was signed, December 18, 1992, rather than to the date Rohr's petition was filed, December 22, 1992.

magistrate's findings were in error with regard to the amount of Rohr's gross income. On October 15, 1993, the magistrate issued a memorandum decision denying Lenhart's objections and affirming Rohr's award of costs and attorney fees.

Lenhart appealed the magistrate's decision to the district court, which affirmed the magistrate's finding that Rohr's gross income was $2,473.52 per month and ultimately affirmed the magistrate's award of costs and attorney fees to Rohr in its June 23, 1994 Order. Lenhart petitioned the district court for rehearing, which was denied. Lenhart appealed to the Idaho Supreme Court.

Although the divorce and custody matters underlying this case have been the subject of three prior appeals[2], the prior cases are relevant to this appeal only in regard to Lenhart's argument that the magistrate erred in modifying the decree while an appeal from that decree was pending before the Court of Appeals.

## II.

### STANDARD OF REVIEW

 When reviewing decisions of a magistrate, this Court will uphold the magistrate's findings of fact if they are supported by substantial and competent evidence. *Noble v. Fisher,* 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). We independently review the decision of a magistrate with due regard for a district court decision that was made in an appellate capacity. *Noble,* 126 Idaho at 888, 894 P.2d at 121.

## III.

### ANALYSIS

A. **The magistrate did not err by not dismissing Rohr's petition for modification.**

 On appeal, Lenhart argues that the magistrate erred in modifying the divorce

decree while an appeal from that decree was pending before the Court of Appeals. This Court exercises free review over questions of law. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.,* 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

Idaho Appellate Rule (I.A.R.) 13(b)(11) states in part:

In civil actions ... the district court shall have power and authority to rule upon the following motions and to take the following actions during the pendency on an appeal;

(11) Take any action or enter any order deemed advisable in the discretion of the court with regard to the ... support of children pending any appeal involving the ... support of such children, and to amend or modify such order from time to time, during the pendency of the appeal, by reason of changes of circumstances of the parties.

I.A.R. 13(b)(11).

Under the Idaho Rules of Civil Procedure (I.R.C.P.) 3(a), Rohr commenced a civil action by filing his petition to modify his divorce decree with the district court on December 22, 1992. Pursuant to I.A.R. 13(b)(11), the magistrate had the discretionary power and authority to modify Rohr's child support payments set forth in Rohr's divorce decree in the event the magistrate found the circumstances of the parties had changed, regardless of the parties' pending appeal. The record supports the magistrate's finding that Rohr's reduced gross income combined with the birth of Nicholas and Nicholas's need for support, constituted a permanent, material, and substantial change of circumstances since the last order modifying the divorce decree. The magistrate did not err in granting Rohr's petition for modification, despite the fact that the parties' divorce decree was contemporaneously the subject of an appeal before the Idaho Court of Appeals. I.A.R. 13(b)(11).

 Lenhart argues that Rohr's petition for modification failed to state a claim upon which relief could be granted and that the

2. The three prior appeals were, *Rohr v. Rohr,* 126 Idaho 1, 878 P.2d 175 (Ct.App.1994); *Rohr v. Rohr,* 118 Idaho 689, 800 P.2d 85 (1990); and *Rohr v. Rohr,* 118 Idaho 698, 800 P.2d 94 (Ct. App.1989).

magistrate should have dismissed on such grounds. Our standard of review for a magistrate's denial of a motion to dismiss is the same as our summary judgment standard of review. *Rim View Trout Co. v. Department of Water Resources,* 119 Idaho 676, 677, 809 P.2d 1155, 1156 (1991). After viewing all facts and inferences from the record in favor of the non-moving party, we will ask whether a claim for relief has been stated. *Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

Under Idaho Code (I.C.) § 32–709, the child support provisions of a divorce decree may be modified if a substantial and material change of circumstances has occurred since the last divorce decree was entered. Rohr's December 22, 1992 petition for modification requested the magistrate to modify the last order modifying the divorce decree on the grounds that he and his new wife had a new baby boy, who was in need of support, which constituted a permanent, material, and substantial change of circumstances since the last order modifying the divorce decree. After viewing all inferences from the record in favor of Rohr, this Court holds that the magistrate properly found that Rohr's petition for modification stated a claim for relief claiming a material and substantial change of circumstances. *Idaho Schs. for Equal Educ. Opportunity v. Evans,* 123 Idaho 573, 578, 850 P.2d 724, 729 (1993); I.C. § 32–709. The magistrate's denial of Lenhart's motion to dismiss Rohr's petition for modification is affirmed.

**B. There was substantial, competent evidence to support the magistrate's finding of a substantial and material change of circumstances.**

The child support provisions of a divorce decree may be modified only upon a showing that "substantial and material changes of circumstances" have occurred since the last divorce decree. I.C. § 32–709; *Noble v. Fisher,* 126 Idaho at 888, 894 P.2d at 121. It is within the sound discretion of the trial court whether to modify a child support order. *Yost v. Yost,* 112 Idaho 677, 680, 735 P.2d 988, 991 (1987). The magistrate abuses its discretion if it is "exercised without con-

sideration being given to relevant factual circumstances." *Yost,* 112 Idaho at 680, 735 P.2d at 991. The standard for determining whether a lower court has abused its discretion is:

(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Noble,* 126 Idaho at 888, 894 P.2d at 121 (*quoting Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)). The magistrate's findings of fact will be upheld if they are supported by substantial and competent evidence. *Noble,* 126 Idaho at 888, 894 P.2d at 121.

The magistrate properly considered the factors set forth in I.C. § 32–706 and the I.C.S.G. in determining whether a material and substantial change of circumstances had occurred warranting a modification of the last order modifying the divorce decree. I.C. § 32–706A(B). The magistrate found that the reduction in Rohr's gross income in combination with the birth of Rohr's son Nicholas and the costs of caring for Nicholas, constituted a permanent, material, and substantial change of circumstances since the last order modifying the divorce decree. The magistrate's findings were supported by Rohr's testimony concerning his reduced gross income; that Nicholas resided with Rohr and his new wife; that there were normal ongoing medical care costs for Nicholas; and that there were expenses for food and clothing for Nicholas.

The magistrate acted within sound discretion when modifying the last order modifying the divorce decree. *Yost,* 112 Idaho at 680, 735 P.2d at 991. The magistrate perceived the decision to modify the divorce decree as one of discretion and correctly applied the legal standard set forth in I.C. 32–709. There was substantial and competent evidence to support the magistrate's finding that a material and substantial change of circumstances had occurred since the last order modifying the divorce decree. The

magistrate's finding that Rohr was entitled to a modification of his child support payments, set forth in the last order modifying the divorce decree is affirmed.

## C. There was no substantial, competent evidence to support the magistrate's calculation of Rohr's gross income.

■ Once a court determines there was a material and substantial change of circumstances warranting the modification of a divorce decree, a court must determine what amount of change in child support is appropriate. *Ireland,* 123 Idaho at 960, 855 P.2d at 45; *Levin v. Levin,* 122 Idaho 583, 589, 836 P.2d 529, 535 (1992). The amount of child support is to be calculated based upon the factors set forth in I.C. § 32–706 and the I.C.S.G. I.C. § 32–706A(C). The amount of the award which would result from the application of the Guidelines is rebuttably presumed to be the appropriate amount of child support to be awarded. *Id.*

■ Lenhart argues that the magistrate's findings that Rohr's gross income was $2,473.52 per month, was not supported by substantial and competent evidence. The magistrate did not provide the methodology or calculations it used in concluding Rohr's monthly gross income was $2,473.52 or $29,-676.00 per annum.

During the July 16, 1993 trial, Rohr testified that his salary was $14.72 per hour, that he averaged about 6 hours of overtime per month, which was paid at his normal hourly rate plus half of that rate, and that he was paid about $30.00 per month for his position as a union steward. Based on these figures, Rohr's monthly gross income would be at least $2,517.68 per month and $30,212.16 per year. During oral argument, counsel for Rohr conceded that the magistrate's calculation of Rohr's monthly gross income at $2,473.52 per month was in error in that the calculation failed to account for the fact that Rohr's six hours per month of overtime was paid at his normal hourly rate plus half of that rate.

There was no substantial and competent evidence to support the magistrate's finding that Rohr's gross income was $2,473.52 per month and $29,676.00 per year. We reverse the magistrate's finding that Rohr's gross income was $2,473.52 per month and $29,-676.00 per year and hold that Rohr's gross income was $2,517.68 per month and $30,-212.16 per year.

## D. The magistrate should have retroactively applied Rohr's new support obligation to the date the petition was filed.

■ After determining Rohr was entitled to a modification of his divorce decree, the magistrate retroactively applied Rohr's new support payments to December 18, 1992, which was the date Rohr's petition was signed. Idaho Code § 32–709 provides courts with the ability to retroactively modify child support provisions "only as to installments accruing subsequent to the motion for modification" in the event the moving party shows that a substantial and material change of circumstances has occurred since the last divorce decree. I.C. § 32–709. This Court implicitly applied I.C. § 32–709 in *Levin,* holding that child support payments may be retroactively applied to the date of filing a petition to modify child support payments when, "expenses have actually been paid or incurred." *Levin,* 122 Idaho at 589, 836 P.2d at 535.

Although Rohr's petition was signed on December 18, 1992, his petition was not filed with the district court until December 22, 1992. The magistrate should have retroactively applied Rohr's new support obligation to the date on which Rohr's petition to modify was filed, rather than when it was signed. I.R.C.P. 3(a); *See, e.g. Levin,* 122 Idaho at 589, 836 P.2d at 535; *Ireland,* 123 Idaho at 959–60, 855 P.2d at 44–45. Since Nicholas was born on July 29, 1992, Rohr had incurred and paid ongoing expenses for Nicholas's care as of the time Rohr filed his petition for modification on December 22, 1992. Therefore, Rohr was entitled to the retroactive application of the magistrate's child support modification, as of the date on which he filed his petition to modify. *See, e.g. Levin,* 122 Idaho at 589, 836 P.2d at 535.

We reverse and remand to the magistrate to retroactively apply Rohr's new support

obligation as of the date the petition was filed, December 22, 1992.

### E. There was no error in admitting exhibit 3.

 As the appellant, Lenhart bears the burden of proving that by admitting exhibit 3, the magistrate committed prejudicial error. *Burgess v. Salmon River Canal Co.*, 119 Idaho 299, 306, 805 P.2d 1223, 1230 (1991). Idaho Rule of Civil Procedure 61 states that any error in a proceeding must be disregarded if such error does not affect the substantive rights of the parties.

 Lenhart argues that it was error for the magistrate to admit defendant's exhibit 3, which was a child support computation for 1992 and Rohr's payment voucher for the period ending September 27, 1992, on the ground that exhibit 3 was irrelevant and not competent evidence as to the issue of Rohr's annual gross income. The record shows that the magistrate did not rely on exhibit 3 in determining Rohr's gross income, but rather relied upon Rohr's testimony and defendant's exhibit 4. Exhibit 4 was Rohr's payment voucher for the period ending June 6, 1993, that supported Rohr's testimony that he was paid at a rate of $14.72 per hour.

Lenhart has failed to show how the admission of exhibit 3 affected the outcome of the magistrate's findings of fact and conclusions of law. I.R.C.P. 61. Thus, Lenhart has failed to satisfy her burden of proving the magistrate's admission of exhibit 3 was prejudicial error. *Burgess,* 119 Idaho at 306, 805 P.2d at 1230.

### F. The magistrate erroneously awarded Rohr attorney fees.

 In its August 24, 1993 Findings of Fact, Conclusions of Law, and Order, the magistrate awarded Rohr his reasonable attorney fees stating: "[Rohr] is the prevailing party and entitled to his costs and a reasonable attorney's fee." The magistrate did not identify the statute or contractual provision upon which the magistrate was awarding attorney fees.

Rohr suggests that the magistrate awarded attorney fees under I.C. § 12–121 which states in part that:

In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

I.C. § 12–121. However, I.C. § 12–121 has been augmented by I.R.C.P. 54(e)(1), which provides that "attorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation...." I.R.C.P. 54(e)(1); *Noble,* 126 Idaho at 891, 894 P.2d at 124. In this case, the court did not make a finding that Lenhart's defenses were pursued or defended frivolously, unreasonably or without foundation. Consequently, I.C. § 12–121 would not support the award of attorney fees to Rohr. *Noble,* 126 Idaho at 891, 894 P.2d at 124.

 Attorney fees, likewise, could not be premised on I.C. § 32–704(3), which states:

The court may from time to time after considering the financial resources of both parties and the factors set forth in section 32–705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees....

I.C. § 32–704(3). In *Noble* the Court held that in order for an appellate court to uphold a lower court's award of attorney fees pursuant to I.C. § 32–704, the lower court must have considered and cited factors listed in I.C. § 32–705 in its decision. *Noble,* 126 Idaho at 891, 894 P.2d at 124; *Smith v. Smith,* 124 Idaho 431, 442, 860 P.2d 634, 645 (1993). The magistrate's decision in the present case did not apply the factors set forth in I.C. § 32–705 in awarding Rohr attorney fees. Thus, the magistrate's award of attorney fees to Rohr cannot be upheld under I.C. § 32–704. *Id.*

 In Idaho, parties are required to pay for their own attorney fees absent statutory authorization or contractual right. *Idaho Dep't Law Enforcement v. Kluss,* 125 Idaho 682, 684, 873 P.2d 1336, 1338 (1994).

No applicable statute or contract has been cited and thus we must reverse the lower court's award of Rohr's attorney fees.

### G. Rohr and Lenhart are not entitled to attorney fees on appeal.

Both Rohr and Lenhart request attorney fees on appeal. Although Lenhart does not provide a specific basis for her request, Rohr requests attorney fees based upon I.C. § 12–121. After reviewing the record we do not believe that either party has brought, pursued, or responded to this appeal in an unreasonable or frivolous manner. Accordingly, we believe an award of attorney fees on appeal is inappropriate in this case.

## IV.

## CONCLUSION

The decision of the magistrate is affirmed in part and reversed in part. This case is remanded to the magistrate division for entry of a child support award in accordance with this opinion. No costs and attorney fees on appeal.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.