**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 50625**

| | | |
|---|---|---|
| JACOB A. WILDE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **Boise, August 2024 Term** |
| v. | ) | |
| | ) | **Filed: September 24, 2024** |
| MICKAYLA M. WILDE, n.k.a., | ) | |
| MICKAYLA M. TAGGART, | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County. Christopher S. Nye, District Judge. Brian D. Lee, Magistrate Judge.

The decision of the district court is <u>affirmed</u>.

Lackey Law Group, Nampa, attorneys for Appellant. Quentin W. Lackey argued.

Kershisnik Law, PLLC, Boise, attorneys for Respondent. Patrick C. Kershisnik argued.

_____

BEVAN, Chief Justice.

This appeal is about a magistrate court's discretion to enter an order retroactively modifying child support. Appellant Jacob Wilde argues that the magistrate court erred in retroactively increasing the monthly amount of child support he owed to Respondent Mickayla Taggart because Taggart presented no evidence that the child support Wilde had been paying was insufficient. Wilde appealed to the district court, which affirmed, holding that it was appropriate for the magistrate court to make the modified amount of child support retroactive. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wilde and Taggart's judgment and decree of divorce was entered on June 18, 2018. The parties are the parents of one minor child, E.W., born in 2015. The original judgment ordered Wilde to pay Taggart $143.07 in child support per month.

1

Less than two months after entry of the divorce decree, Wilde filed a petition to modify the custody arrangement for E.W. Wilde claimed Taggart was homeless and had been staying at friends' residences with E.W. The matter was litigated, and Wilde's petition was dismissed on March 27, 2019.

Four months later, Wilde filed another petition to modify the decree of divorce, claiming that Taggart had become physically and mentally incapacitated to an extent where E.W.'s health and safety were in jeopardy. Wilde also requested a change in the custody arrangement and asked the court to modify child support to reflect the additional time he was requesting with E.W. Specifically, Wilde asked the court to order that Taggart pay child support to Wilde in the amount of $386.63 per month, subject to any credit received for her pro rata portion of healthcare costs, and that "child support payments should be due and payable on the 1st day of each month, beginning June 1, 2019." Wilde alleged that although Taggart had voluntarily quit her job, she was still capable of maintaining gainful employment; therefore, she should have at least minimum wage income imputed to her.

Wilde's petition was not served on Taggart until September 1, 2019. On September 20, 2019, Taggart responded. In her response, Taggart explained that since December 2018, she had been unable to work because of an autoimmune disease, but her medical condition did not prevent her from performing parenting responsibilities. Taggart requested that child support be modified to reflect the parties' custody arrangement and to coincide with each party's income pursuant to the Idaho Child Support Guidelines, including a pro-rata share of the cost of daycare and medical expenses. Taggart did not specify an amount or date that any modified child support payments should begin.

On May 12, 2020, Wilde filed a motion and declaration to suspend child support during the pendency of the action. In a supporting declaration, Wilde claimed that the original decree of divorce required Wilde to pay Taggart $143.07 in child support, while Taggart was ordered to provide health insurance for E.W. However, after discovering that Taggart was no longer providing health insurance, and E.W. received health insurance through Idaho Medicaid, Wilde alleged that his child support payments constituted an overpayment. Even so, Wilde acknowledged: "If I am ordered to continue to pay child support I understand that the order can be backed [sic] dated and I may have a balance thereafter. This is a chance I am willing to accept."

2

The parties appeared for a hearing on Wilde's motion on June 23, 2020. The magistrate court declined Wilde's request to suspend and/or modify the child support because the parties had not submitted sufficient information to show their current incomes. At the same time, the magistrate court advised Wilde during the hearing that a child support modification could be made retroactively:

> I can tell both parties, and their attorneys, that while I have discretion about when to amend child support, . . . my authority begins on the first day of the month following the filing of a petition to modify. And while I don't always do that, it's the most common response I have. If the case ends up being tried by me, I typically would go back to the first day of the month following the filing and try to determine what the child support would have been through that period. Unfortunately, as is the case in this matter, sometimes these things drag on for a bit. Not because the [c]ourt wants it to, but because the parties have conflict situations. Which appears to be the case here.

The parties appeared for a court trial on March 23, 2021. The parties submitted written closing arguments thereafter, and the magistrate court issued an oral ruling on May 20, 2021. The magistrate court found that since the filing of the petition to modify in July 2019, Taggart had not earned income exceeding minimum wage. Based on testimony that Taggart suffered from illnesses that interfered with her ability to work, the magistrate court found that even though Taggart was not actually earning minimum wage, minimum wage for a full-time work week should be imputed to Taggart as her potential income. The court found the appropriate Guidelines income for Wilde to be $58,240 per year based on the evidence. Addressing when child support should begin, the magistrate court explained:

> The circumstances relating to those respective incomes – the $28 per hour for [Wilde] and minimum wage for [Taggart] – have been present at least since the filing of the petition in this case.
>
> And the child support amount that was the result of the entry of the decree of divorce in this case is not reflected by the circumstance that existed at the time of the filing of the petition in July of 2019. I find that child support should begin on the – pursuant to the child support guidelines, on the 1st day of August 2019, which will create a substantial arrear[age] for [Wilde] based on the testimony of what he's actually been paying.

On August 26, 2021, the magistrate court entered an order modifying child support based on Wilde's reported annual income of $58,240, Taggart's imputed annual income for minimum wage of $15,080, and the custody modification to which the parties had stipulated:

3

> [Wilde] shall pay child support to [Taggart] in the sum of $420.34 pursuant to the Idaho Child Support Guidelines commencing [on] the **1st day of August 2019 and continuing until the 1st day of May 2021**. Beginning the **1st day of June 2021**, [Wilde] shall pay child support to [Taggart] in the sum of **$447.50** until their child reaches the age of eighteen or until the child reaches the age of 19 or completes a high school education, whichever event first occurs.

(Bold in original).

Taggart moved to correct the judgment *nunc pro tunc*, based on an acknowledgment the court made on the record that the modified child support amount beginning on June 1, 2021, should be $485.34, not $447.50. The error resulted from a miscalculation concerning a tax exemption.

Wilde moved to reconsider, asking the court to reevaluate its order retroactively awarding the increased child support amount because Taggart did not request the increase in child support. Wilde argued that: (1) Taggart did not provide any evidence that she required additional financial assistance to care for E.W.; (2) the increase in child support, along with making it retroactive, was a significant financial burden that would cause him undue financial hardship; and (3) evidence presented to the court showed that Taggart had the ability to obtain employment earning higher than minimum wage. Taggart defended the magistrate court's decision to make the child support retroactive, stating that although it left Wilde with a significant arrearage, the reason the matter had taken so long to conclude was due to delays caused by Wilde and his attorney during the course of the litigation: alleged failures to comply with discovery, continuing the trial several times, and Wilde's refusal to pay judgments he owed from the first modification proceeding he initiated. Taggart asserted that the case had been in litigation for years, and Wilde's refusal to pay anything during that time was not an excuse to avoid backdating the award of child support, notwithstanding the significant arrearage it created.

At the end of the hearing on Wilde's motion to reconsider, the magistrate court reiterated its finding that Taggart's evidence and testimony relating to her income and employment was compelling and credible, and affirmed its decision to impute minimum wage for a full-time work schedule to Taggart, even if the opportunity for employment at a greater rate could be available. The magistrate court then explained the reasoning behind its retroactive application of the modified child support award:

> As far as the day upon which child support would begin, this, too, is a matter of discretion for the [c]ourt. I have the discretion to order child support to begin on the first day of the month following the filing of this petition. And – or I, I cannot do that, and/or the child support would begin on the first day of the month following

4

the day of the entry of the order. And any month in between, I suppose, if it made sense and it was rational in any particular case.

Here I, I found then, and I still find, that child support, the income and circumstances of [Taggart] as it relates to the care of the child, all the way back to August 2019, was [sic] diminished. And . . . her practical ability to care for the child was affected by that.

The child support obligation, for that reason, is appropriately beginning on A – in August of 2019, the first day of the month following the filing of the petition to modify in this case. I certainly though, to the extent it wasn't – didn't happen before, would order that [Wilde] receive credit for any amount of money that he paid by way of child support in that intervening time against that obligation.

The magistrate court denied Wilde's motion for reconsideration and entered an amended judgment of modification of custody and child support, which increased the child support amount beginning on June 1, 2021, to $485.34, to correct the miscalculation pointed out by Taggart. The magistrate court then reaffirmed its prior decision to retroactively apply the award of child support from the date of Wilde's petition, ordering Wilde to pay Taggart $420.34 for the time between August 1, 2019, and June 1, 2021.

Wilde appealed to the district court. Shortly thereafter Wilde filed a renewed motion to stay enforcement of the child support arrearage. Wilde explained that he had only been paying $140.00 while his appeal to the district court was pending, resulting in an arrearage of $8,827.14. Wilde paid a significant amount of the arrearage, but alleged the Idaho Child Support Services was attempting to collect more. Wilde argued the magistrate court's order backdating child support was unwarranted but acknowledged that if the district court determined the magistrate court's order was proper, he would pay the arrearage.

On January 27, 2023, the district court entered its opinion affirming the magistrate court's judgment. One of the issues considered by the district court was whether the magistrate court erred in its conclusion that the modified child support should be retroactive to the date of Wilde's petition to modify. Relying on Idaho Code section 32-709(1), the district court recognized that courts have the discretion to retroactively modify child support provisions; however, such authority was available "only as to installments accruing subsequent to the motion for modification" in the event the moving party shows that a substantial and material change of circumstances has occurred since the last divorce decree. The district court determined that the magistrate court's decision ordering that the modified child support apply retroactively was supported by substantial factual findings in the record:

5

[T]he [magistrate] court found: the circumstances relating to the parties' income of $58,240 per year for [Wilde] and $15,080 per year for [Taggart] have been present at least since the filing of the Petition; the child support amount that was the result of the decree of divorce is not reflected by the circumstances that existed at the time of the filing of the Petition. Accordingly, the [magistrate] court determined, pursuant to the Idaho Child Support Guidelines, the modified child support be retroactive to the date of the Petition and acknowledged that decision would create substantial arrears for [Wilde] based on the testimony of the amount of child support he was paying previously.

Based on these findings, the district court determined that the magistrate court did not abuse its discretion in ordering that the modified child support be retroactive to the date of Wilde's petition. Wilde filed a timely notice of appeal to this Court.

## II. ISSUES ON APPEAL

1.    Did the district court err in affirming the magistrate court's retroactive modification of the child support award  to the date of the petition for modification?

2.    Is either party entitled to attorney fees on appeal?

## III. STANDARDS OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Est. of Davis*, 167 Idaho 229, 232, 469 P.3d 16, 19 (2020) (citing *Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013)). Thus, this Court does not review the decision of the magistrate court. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

As with a motion to modify child custody, the determination of whether to modify a child support award is left to the sound discretion of the trial court, and where that discretion has been properly exercised it will not be disturbed on appeal. *Levin v. Levin*, 122 Idaho 583, 587, 836 P.2d 529, 533 (1992) (citing *Reid v. Reid*, 121 Idaho 15, 822 P.2d 534 (1992)). When a trial court's discretionary decision is reviewed on appeal, the Court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

6

to the specific choices before it; and (4) reached its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

### IV. ANALYSIS

**A. The district court did not err in affirming the magistrate court's retroactive modification of the child support award because the decision is consistent with Idaho law and supported by substantial and competent evidence.**

The sole issue on appeal concerns a court's discretion to enter an order retroactively modifying child support back to the date of a petition for modification of a divorce decree. Wilde argues that such an order should not be made when the receiving parent fails to take the position prior to trial that child support should be modified, and then presents no evidence at trial that the current child support order is insufficient. In response, Taggart points out that Wilde has not disputed that the incomes of the parties had changed by the time Wilde filed his petition, emphasizing that the magistrate court increased the child support owed based on the Idaho Child Support Guidelines. Because Wilde has provided no evidence to refute the presumptive amount of child support, Taggart claims the district court did not err in affirming the magistrate court's conclusion that the modified child support be retroactive to the date of Wilde's petition.

As noted above, the determination of whether to modify an award of child support is left to the sound discretion of the trial court, and where that discretion has been properly exercised it will not be disturbed on appeal. *Levin*, 122 Idaho at 587, 836 P.2d at 533. The party seeking modification of the support award has the burden of demonstrating a material, permanent and substantial change of circumstances. *Id.* (citing I.C. § 32-709; *Nomer v. Kossman*, 100 Idaho 898, 606 P.2d 1002 (1980); *McFarlin v. Crawford*, 97 Idaho 458, 546 P.2d 855 (1976)). Idaho Code section 32-709(1) provides courts with the authority to retroactively modify child support provisions, but only as to installments "accruing subsequent to the motion for modification" and only if the moving party shows that "a substantial and material change of circumstances" has occurred since the last divorce decree. I.C. § 32-709(1).

Wilde argues that the magistrate court abused its discretion by failing to act consistently with the legal standards prescribed in *Levin v. Levin*, 122 Idaho 583, 836 P.2d 529 (1992), because the retroactive child support order was not based on any substantial and competent evidence presented by Taggart in her case in chief. Wilde also complains that the magistrate court did not provide any reasoning for its retroactive application of child support, thus violating that prong of discretion as well. *See Lunneborg*, 163 Idaho at 863, 421 P.3d at 194 (to properly exercise its

7

discretion, a trial court must, among other things, reach "its decision by the exercise of reason."). Wilde contends the focus should be on actual expenses incurred by the non-moving party, not the fact that the parties' incomes had changed.

In *Levin*, the appellant asserted the trial court erred by granting the respondent's motion to modify child support by increasing the award from $1,000 to $10,000 a month. 122 Idaho at 587, 836 P.2d at 533. The appellant argued the record did not support a finding of a material, permanent and substantial change of circumstances justifying such an increase in child support. *Id*. at 587–88, 836 P.2d at 533–34. Moreover, the appellant argued the trial court abused its discretion in requiring the new payments be made retroactive from the date of filing the motion to modify the child support award. *Id*. at 588, 836 P.2d at 534. This Court, after concluding the increased child support payments hinged on a change in custody that never occurred, held that the trial court's order was an abuse of discretion. *Id*. at 589, 836 P.2d at 535. The Court also held that the retroactive award of child support was an abuse of discretion because a large portion of the retroactive award was based on costs of future mortgage payments on a residence not yet completed and future expenses related to in-house day care. *Id*. The Court concluded that "[r]equiring retroactive payments to expenses which had not actually been paid or incurred was error." *Id*.

Wilde's reliance on *Levin* is misplaced. In *Levin,* the Court found an abuse of discretion because the trial court ordered that modified child support apply retroactively even though it was based on expected *future* costs that had not yet occurred. Further, the parties in *Levin* were high income earners who fell outside the scope of the Idaho Child Support Guidelines. These guidelines were designed to provide the presumptively correct calculation of child support based on the parties' incomes and the parties' percentage of overnight care of the child. *See* I.R.F.L.P. 120(b), (c), (e) and (i)(3).

Here, the magistrate court focused on the parties' current incomes and how that impacted Taggart's ability to care for E.W. from the time Wilde's petition was filed, ultimately finding that Taggart's ability to care for E.W. was diminished based on the change to the relative income of the parties, stating "I still find, that child support, the income and circumstances of [Taggart] as it relates to the care of the child, all the way back to August 2019, was diminished. And her authority – or her, not authority, but her practical ability to care for the child was affected by that."

Although Wilde is the one who filed the petition to adjust child support payments, the evidence before the magistrate court showed a substantial change in the parties' incomes had

8

occurred since the decree of divorce was entered. Taggart put forth evidence that she suffered from an autoimmune disease that had curtailed her income, such that the magistrate court imputed her income, based on working full time for minimum wage, of $15,080 per year. Meanwhile, the magistrate court found that Wilde's Guidelines' income was $58,240 per year. Wilde has not challenged either of these findings on appeal. And although Wilde appears to question Taggart's credibility about her earning potential, the magistrate court found her to be credible. Appellate courts are not permitted to substitute their own view of the evidence for that of the trial court, or to make credibility determinations. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007).[1]

Ultimately, the magistrate court recognized that it had discretion to modify the amount of child support owed, and the authority to apply that award retroactively. *See* I.C. § 32-709(1). The magistrate court's decision was reasonable given the change in circumstances between the relative incomes of the parties. We also note that the magistrate court put Wilde on notice early in the proceedings that his "most common response" in these situations is to go back to the first day of the month following the filing and try to determine what the child support would have been throughout that period. Wilde acknowledged this warning, stating, "This is a chance I am willing to accept." Despite this acknowledgment, Wilde continued to pay the lower amount of child support ordered in the original divorce decree, resulting in an arrearage of $8,827.14.

Wilde has not provided evidence to refute the magistrate court's calculation of child support or argued that it varies from the Idaho Child Support Guidelines. While Taggart did not put forth specific evidence of expenses she paid for E.W. during the proceedings, it is reasonable to conclude that Taggart's decrease in income affected her ability to adequately care for E.W. *See* I.R.F.L.P. 120(b)(1) ("The costs of raising a child are fairly related to a parent's income.").

To order that an award of child support apply retroactively, section 32-709(1) only requires a showing that a substantial and material change of circumstances has occurred since the divorce decree. We conclude that the district court properly affirmed the magistrate court's finding that a substantial and material change in circumstances occurred based on the undisputed change to the

---

[1] In Wilde's intermediate appeal to the district court, Wilde challenged whether the magistrate court erred in its decision to impute minimum wage to Taggart when calculating child support. The district court affirmed the magistrate court's decision after concluding the record showed the magistrate court made substantial factual findings that supported its decision to impute minimum wage to Taggart. Wilde has not challenged this portion of the district court's decision on appeal.

parties' incomes, which dated back to the filing of Wilde's petition to modify. The magistrate court properly focused on Taggart's ability to care for E.W. beginning at the time Wilde filed his petition based on the changes to those incomes.

We hold the district court did not err in affirming the magistrate court's decision to order the modified child support apply retroactively because it was supported by substantial and competent evidence. Taggart was not required to request such a change herself, but Wilde, by filing the motion to modify, left it for the magistrate court to (1) determine the proper amount of child support based on the parties' respective incomes; and (2) set the appropriate date when such change would accrue. A non-moving party may be the beneficiary of such a motion, without filing a motion of her own, because it is presumed appropriate for the magistrate court to apply the Guideline amounts irrespective of which party moves to change child support. When such changes should accrue is not a matter of each party pleading for such relief but is instead based on the court's discretion to make such a determination based on all factors before the court, such as the magistrate court did here.

**B.      Taggart is awarded attorney fees and costs as the prevailing party on appeal.**

Taggart requests attorney fees on appeal pursuant to Idaho Code section 12-121. Attorney fees may be awarded to a prevailing party under Idaho Code section 12-121 if the proceeding was brought, pursued, or defended frivolously, unreasonably or without foundation. I.C. § 12-121. Taggart argues that Wilde has brought this appeal frivolously, unreasonably, and without foundation because he provided no factual or legal basis upon which to reasonably challenge the magistrate court's or the district court's decisions. Taggart maintains the magistrate court perceived each issue raised as a matter of discretion and acted within the boundaries of applicable law in drawing reasonable inferences. The district court then reviewed and affirmed those decisions based on the appropriate appellate standard of review.

We hold that Wilde's appeal was brought frivolously and without foundation and award Taggart attorney fees under section 12-121. Below, Wilde was on notice that a modified award of child support could apply retroactively. Indeed, Wilde's original petition to modify child support requested that modification apply retroactively, although he supplied a date that was earlier than the date of his petition. This further evidences Wilde's understanding that the magistrate court could order any modification of child support to apply retroactively. Wilde also acknowledged the risk below in a declaration, indicating that child support could be ordered retroactively and that it

10

was a "chance [he was] willing to accept." Despite these acknowledgements, Wilde continues to contest the magistrate court's exercise of discretion. Wilde's failure to dispute the amount of child support that was ordered, coupled with his prior acknowledgement that child support could be awarded retroactively, renders this appeal frivolous. Taggart is also awarded costs as the prevailing party. I.A.R. 40.

## V. CONCLUSION

The district court's decision is affirmed. Taggart is awarded attorney fees and costs as the prevailing party on appeal.

Justices BRODY, MOELLER, ZAHN, and MEYER CONCUR.