822 P.2d 534

Richard L. **REID**, Plaintiff–Appellant,
Cross–Respondent,

v.

Vonda K. **REID**, Defendant–Respondent,
Cross–Appellant.

No. 18856.

Supreme Court of Idaho,
Boise, October 1991 Term.

Jan. 10, 1992.

Brown & Litteneker, Lewiston, for plaintiff-appellant, cross-respondent. Charles A. Brown argued.

Linda L.B. Pall, Lewiston, for defendant-respondent, cross-appellant.

BOYLE, Justice.

Richard L. Reid and Vonda K. Reid were granted a divorce on December 30, 1985, and the parties were awarded joint custody of their daughter. On October 7, 1988, the custody order was modified when the child reached school age so she would be able to attend school while living with her mother. Mr. Reid was awarded liberal visitations rights. In February, 1990, Mrs. Reid filed a motion to modify the prior support determination. Following a hearing on the matter, the court ordered Mr. Reid to pay child support of $317.00 a month. Mr. Reid filed a motion to amend the court's April 2, 1990 order. After conducting an additional hearing, the trial court reexamined the evidence and reaffirmed its earlier decision requiring Mr. Reid to pay $317.00 a month in child support.

Mr. Reid, a self-employed farmer, claims the trial court erred by failing to deduct straight line depreciation on his farm equipment for purposes of figuring his gross income. As a result, Mr. Reid asserts his actual gross income was overstated by $10,208.00, and accordingly, he was required to pay more child support than required by the child support guidelines.

The standard of review when evaluating an application to modify child support is an abuse of discretion standard, and where that discretion has been properly exercised it will not be disturbed on appeal. *Yost v. Yost*, 112 Idaho 677, 735 P.2d 988 (1987); *Embree v. Embree*, 85 Idaho 443, 380 P.2d 216 (1963). With this standard of review in mind, we note the importance of a trial court's discretion when considering an appropriate award of child support.

At the time this matter was before the trial court, the 1989 Child Support Guidelines were in effect and are therefore the guidelines applicable to the instant appeal.[1] Although subsequent guidelines have undergone substantial changes that would appear to resolve the issues before us, the subsequent guidelines, by express limitation, do not apply to adjudications before the date the guidelines became effective.

■ Because Mr. Reid is self-employed, it was necessary for the trial court to determine his gross income in order to calculate an appropriate child support award. The 1989 Child Support Guidelines provide in pertinent part:

### VI.

### INCOME DETERMINATION.

1. **Income Defined.** For purposes of these Guidelines, income is defined as: (a) gross income of the parents; and/or (b) potential income, less adjustments as set forth below.

. . . .

For income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, gross income is defined as gross receipts minus ordinary and necessary expenses required for self-employment or business operation. *Specifically excluded from ordinary and necessary expenses for purposes of these Guidelines are amounts allowable by the Internal Revenue Service for the accelerated component of*

*depreciation expenses,* investment tax credits, *or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.* In general, income and expenses from self-employment or operation of a business should be carefully reviewed to determine the level of gross income of the parent to satisfy a child support obligation. *This amount may differ from a determination of business income for tax purpose.* (Emphasis added).

In this case, the trial court declined to deduct straight line depreciation on Mr. Reid's farm equipment as an ordinary and necessary expense when calculating his gross income for purposes of determining an appropriate child support award. Mr. Reid contends that the trial court was required by the child support guidelines to deduct depreciation and that the trial court abused its discretion by failing to compute a deduction for depreciation. We disagree.

Unlike subsequent guidelines that clearly would have required the trial court to deduct straight line depreciation,[2] the 1989 guidelines contained no such requirement. Mr. Reid asserts that because the guidelines specifically exclude the accelerated component of depreciation, the guidelines impliedly require that straight line depreciation is to be deducted.

■ By their express terms, the subsequent 1990 guidelines are inapplicable to the case at bar and it would be impermissible to allow a modification of a child support award merely because subsequent guidelines, not yet in effect on April 2, 1990, might have mandated a different result. *See Howard v. Mecham*, 117 Idaho 542, 789 P.2d 538 (Ct.App.1990). Furthermore, as the 1989 guidelines make clear, "[s]pecifically excluded from ordinary and necessary expenses for purposes of these guidelines are amounts ... determined by the court to be inappropriate for determining gross income for purposes of calculating child support."

1. The 1989 Child Support Guidelines were in effect until they were replaced by the 1990 guidelines, which did not come into effect until July 1, 1990.

2. The 1990 guidelines removed the reference to excluding the accelerated component of depreci-

ation and retained the requirement that the court exclude any business expense inappropriate for the purposes of calculating child support. The proposed 1991 guidelines specifically require the trial court to allow a deduction for straight line depreciation.

The record indicates the trial court had two opportunities to consider Mr. Reid's contention that depreciation should be considered. The record clearly shows the trial court examined Mr. Reid's business operations including expenses and claimed deductions. After reconsidering all the evidence, the trial court declined to allow the deduction.

We have reviewed the record and are satisfied that the trial court did not abuse its discretion in this matter. Given the specific direction that the court excludes any business expense determined by the court to be inappropriate for purposes of calculating child support, we cannot conclude that the trial court abused its discretion by failing to allow a deduction for straight line depreciation.

Mr. Reid also contends that it was error for the trial court to fail to specifically explain its rationale for not allowing a deduction for straight line depreciation and ordering him to provide for all transportation costs. Our review of the applicable guidelines satisfies us that there was no deviation or departure from the 1989 Child Support Guidelines in this case in light of the provision that the court exclude business expenses deemed inappropriate for purposes of calculating child support. We also hold that it was within the sound discretion of the trial court to order Mr. Reid to pay transportation costs particularly where he was given a fifty dollar a month credit to cover these expenses.

Accordingly, we hold that the trial court did not abuse its discretion in ordering a modification of a child support award to require Mr. Reid to pay $317.00 per month child support.

Affirmed. Costs to respondent.

JOHNSON, J., concurs.

BAKES, C.J., and McDEVITT, J., concur in result.

BISTLINE, J., sat but did not participate.