922 P.2d 1068

**Roy TOYAMA, Plaintiff–Respondent,**

v.

**Barbara TOYAMA, Defendant–Appellant.**

**No. 21947.**

Supreme Court of Idaho.

North Idaho May 1996 Term.

Sept. 3, 1996.

Dan J. Rude, Coeur d'Alene, for appellant.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondent. Michael B. Hague argued.

TROUT, Justice.

This appeal determines whether a provision in a divorce decree allowing for the reduction of spousal support (maintenance) due to the payor spouse's disability requires judicial approval prior to the abatement of payments.

## I.

### BACKGROUND

The divorce decree dissolving the marriage between Roy and Barbara Toyama and dividing the community property (hereinafter the "Judgment") was entered on February 9, 1983. The Judgment provided for the payment of permanent maintenance by Roy to Barbara in the amount of $2500 per month that increased automatically to $3500 per month in 1987. The maintenance payments were terminable only upon Roy or Barbara's death, although the Judgment further provided that:

> in the event the plaintiff, ROY TOYAMA, should sustain or suffer disability as result of accident, illness or advance infirmities of age by which his earning power in the practice of his profession is diminished and effected by disability, then in such event, to the extent that the earning power of the plaintiff, ROY TOYAMA, is reduced as result thereof, the plaintiff shall be entitled to a one-half percentage reduction in the monthly alimony granted and awarded unto the defendant, BARBARA TOYAMA, herein. In further clarification of such award, and condition if as result of disability, the earning ability of the plaintiff shall be reduced 30%, he shall thereafter be entitled to a 15% reduction in the alimony monthly payment and award due the defendant, BARBARA TOYAMA, pursuant to this Judgment.

In October of 1991, Roy reduced his maintenance payments by one-half to $1750 per month. The record reflects that Roy's reduced payments were actuated by his retirement from the practice of ophthalmology at

the age of sixty-six due to the onset of arthritis. The maintenance reduction was not made with Barbara's approval nor was it pursuant to any judicial determination that Roy was entitled to the reduction.

Barbara filed a petition with the district court in April of 1992 followed by an amended petition filed in October of 1992, both claiming relief in an amount equal to the unpaid maintenance resulting from Roy's reductions in payments. Barbara claimed in the original petition that Roy had not, in fact, retired and that he continued to receive compensation for his services. The amended petition makes no mention of Roy's continued employment and, instead, avers that Roy's earning power has not been totally diminished by reason of infirmities of age, accident or illness.

In August of 1993, Barbara filed a motion for entry of judgment against Roy for all unpaid maintenance claiming that, under the Judgment, Roy could not unilaterally reduce his payments and should have first filed a motion and received judicial authorization. The magistrate denied Barbara's motion, finding that the provision for reduction of maintenance payments in the Judgment was self-executing. Barbara appealed the magistrate's order to the district court which affirmed the magistrate's decision. This appeal ensued.

## II.

### STANDARD OF REVIEW

Barbara argues that, although spousal support awards in Idaho may in some cases be drafted as self-modifying provisions, the magistrate and district court incorrectly concluded that the Judgment should be interpreted as such. Where, as here, the issue presented was first decided in the magistrate division of the district court and then appealed to the district court, we review the magistrate's decision independent of, but with due regard for, the district court's appellate decision. *Noble v. Fisher,* 126 Idaho 885, 888, 894 P.2d 118, 121 (1995) (citing *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993)).

As this Court has previously held, the rules of construction of contracts apply equally to the interpretation of divorce decrees. *DeLancey v. DeLancey,* 110 Idaho 63, 65, 714 P.2d 32, 34 (1986). If the language of the decree is clear and unambiguous, determination of the its meaning and legal effect is a question of law upon which this Court exercises free review. *Id.* If, on the other hand, the language of the decree is reasonably susceptible to conflicting interpretations, it is considered ambiguous, and the determination of its meaning is a question of fact. *Id.,* 714 P.2d at 34. In that case, the magistrate's interpretation of the decree will be upheld if supported by substantial and competent evidence. *Ireland,* 123 Idaho at 958, 855 P.2d at 43.

## III.

### REDUCTION OF ALIMONY PAYMENT

Barbara maintains that the language of the Judgment is unambiguous and that the provision allowing Roy to reduce his alimony payments if he were to become disabled requires judicial intervention. She argues that, because Roy's disability is reasonably open to dispute, the Judgment here should be distinguished from the divorce decree in *Brazier v. Brazier,* where the self-executing future increases in support were fixed in time. 111 Idaho 692, 699, 726 P.2d 1143, 1150 (Ct.App. 1986), *overruled in part on other grounds by Swope v. Swope,* 112 Idaho 974, 982, 739 P.2d 273, 281 (1987). For that reason, Barbara contends, the Judgment must be interpreted to require Roy first to file a motion for the reduction of maintenance payments, as provided in I.C. § 32–709, before reductions in payments may be made.

We note, however, that the language used in *Brazier* resists the limitation Barbara would have this Court place on a divorce court's ability to provide for self-executing adjustments in support payments. As Judge Burnett cogently recognized, the purpose of I.C. § 32–709 is to minimize the number of occasions when divorce decrees must be disturbed. *Id.,* 726 P.2d at 1150. This purpose is well served by providing for automatic future adjustments in payments,

even when the factor upon which the automatic adjustment hinges is somewhat uncertain. If the needs or resources of the spouses are *"likely* to change in the future, ... there is no logical reason to deprive a judge of authority to prescribe a payment schedule containing future adjustments." *Id.* (emphasis added), 726 P.2d at 1150. Contrary to Barbara's assertion, then, certainty is not a prerequisite for inserting a clause of this nature. If the court's assessment as to the projected future needs or resources of the spouses is in error, the aggrieved party is entitled to seek a modification under I.C. § 32–709. *Id.,* 726 P.2d at 1150. Indeed, we should emphasize that the presence of an automatic future adjustment clause in a support award does not in any way inhibit the court's continuing jurisdiction to modify that award pursuant to I.C. § 32–709. The parties may not, through the insertion of such a provision, infringe upon the court's inherent authority under this statute to modify a support award when presented with "a substantial and material change of circumstances." I.C. § 32–709.

The Judgment here clearly provided for an automatic decrease in support payments in the event Roy's earning power is diminished due to "accident, illness or advanced infirmities of age" without the need for any prior judicial authorization. Although, in a clause of this nature, there may arise a dispute as to whether the payor spouse has suffered the requisite disability as well as disputes relating to the degree to which the earning power has diminished, that possibility does not negate the utility of the provision. If, as here, a future event upon which an adjustment is based becomes subject to some dispute, the aggrieved party may petition the court for a determination of whether the disputed event has, in fact, occurred. Without such a clause, however, the parties would be forced to "suffer needless cost and stress of periodic proceedings to update their decrees" in the event that an undisputed disability occurs. 111 Idaho at 699, 726 P.2d at 1150.

In this case neither party is asserting a change in circumstances sufficient to invoke the court's authority to modify the award. Roy has merely reduced the support payments in a manner consistent with the automatic future adjustment clause in the Judgment. This clause does not mandate judicial intervention, nor do we believe the court's imprimatur is implicitly required by the decree before Roy would be allowed to reduce his payments. We thus refrain from introducing language into the Toyama divorce decree that it did not include. *Cf. Bondy v. Levy,* 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992) (courts cannot revise a contract to create a better agreement for one of the parties). The Judgment contained no provision requiring Roy to file a motion before reducing his payments, and absent such a provision, this Court should decline to insert one. Accordingly, we affirm the magistrate's order denying Barbara's motion for entry of judgment.

## IV.

## ATTORNEY FEES

Although Roy seeks attorney fees on this appeal pursuant to I.C. § 12–121 he has failed to include any argument to support the claim, and for that reason we summarily deny his request.

## V.

## CONCLUSION

For the reasons herein provided, we affirm the magistrate's denial of Barbara's motion for entry of judgment. Costs on appeal are awarded to respondent.

McDEVITT, C.J., and JOHNSON and SCHROEDER, JJ., concur.

SILAK, Justice, specially concurring.

I write separately to clarify the procedural posture of this case. Although Barbara claimed in her amended petition of October 1992 that Roy's earning power had not been totally diminished due to age, accident or illness, this issue was never decided by the magistrate. Judge Haman in his appellate opinion specifically noted that the factual issue was not before the magistrate and was not decided by the magistrate. The decision of the magistrate and this Court are limited

to determining that a self-executing provision for the adjustment of support payments may be invoked without the need for a prior determination by the magistrate court. I agree with the Court's statement, op. at 144–45, 922 P.2d at 1070–71, that an aggrieved party may petition the magistrate court for a determination whether an event which triggers a reduction in support has actually occurred.