946 P.2d 623

Jeffrey E. KELLER, Plaintiff–Appellant,

v.

Mina Benton KELLER, Defendant–Respondent.

Jeffrey E. KELLER, Plaintiff–Respondent,

v.

Mina Benton KELLER, Defendant–Appellant.

Nos. 22502, 22503.

Supreme Court of Idaho,
Pocatello, September 1996 Term.

July 21, 1997.

As Amended on Denial of Rehearing
Nov. 18, 1997.

Swafford Law Office, Chtd., Idaho Falls, for appellant. Ronald L. Swafford argued.

Simpson, Gauchay & Gardner, Idaho Falls, for respondent. Craig W. Simpson argued.

JOHNSON, Justice.

This is a case involving a petition to modify a child support order and decree of divorce.

# I.

## BACKGROUND AND PRIOR PROCEEDINGS

Jeffrey Keller (Jeffrey) and Mina Keller (Mina) were married on December 27, 1978. Jeffrey and Mina were divorced on January 7, 1992. Jeffrey and Mina have four minor children.

During Jeffrey and Mina's marriage each of them received extensive amounts of education, Jeffrey received his M.D. and Mina completed an associates degree as well as courses towards a civil engineering degree.

On July 22, 1993, Jeffrey filed a Petition to Modify the Decree of Divorce pursuant to Rule 60(b)(5) (Petition). On July 30, 1993, Jeffrey filed an amended Petition. Jeffrey's amended Petition asserted that a substantial change of circumstances had occurred since the entry of the divorce decree. Jeffrey's amended Petition requested that the trial court reduce his child support payments and spousal maintenance, and that the court modify other terms set forth in the January 7, 1992 divorce decree.

Jeffrey claimed that he was no longer able to maintain his current work schedule of 80–100 hours per week, which was necessary for him to meet his current financial obligations. If Jeffrey's professional obligations were not reduced, he contended that he was a prime candidate for professional "burnout." Even at Jeffrey's current work load he was behind on his child support payments and had to borrow money to make the majority of the payments to date.

After a three day trial before the magistrate division of the Seventh Judicial District which began on January 25, 1994, the magistrate judge found that Jeffrey had demonstrated a substantial and material change in circumstances. The magistrate judge found

> that a substantial and material change has occurred in that the Plaintiff is no longer physically or emotionally able to continue with his present work schedule. The Court is convinced that requiring Plaintiff to do so would likely result in a professional 'burnout.' Because he cannot continue to work as before, his earning power will

decrease and as such there is good cause under § 32–709 and Rule 60(b)(5) I.R.C.P. to modify his Divorce Decree as to child support and maintenance provisions.

The magistrate judge found that Jeffrey should be allowed to reduce his Emergency Room shifts to avoid "burnout." The magistrate judge concluded that Mina had no source of income other than the child support and maintenance payments from Jeffrey and that Mina should continue to receive maintenance from Jeffrey in the amount of $800 per month for the next three years to allow Mina to pursue her degree in civil engineering. The magistrate judge found that Jeffrey's child support payments would be $800 per month per child and that Jeffrey would pay additional child support in the amount of fifteen percent of any pre-tax earnings that exceeded $14,000 per month. In addition, the magistrate judge found that Jeffrey was required to pay the childrens' medical insurance and non-insured medical costs, but Jeffrey was allowed a reduction in the amount of life insurance Jeffrey was required to provide for the benefit of the children.

Jeffrey filed a motion requesting the magistrate judge reconsider his order regarding Jeffrey's child support and maintenance obligations. Jeffrey requested the magistrate judge further reduce Jeffrey's child support and maintenance obligations. On April 19, 1994, the magistrate judge, although finding no new change of circumstances, modified his previous order by temporarily eliminating the provision in the original order requiring Jeffrey to pay fifteen percent of his monthly pre-tax income over $14,000. This provision was eliminated only until Jeffrey no longer had to pay Mina's maintenance to pursue her education. The Amended Decree of Divorce did not carry out this decision.

On May 12, 1994, Jeffrey appealed to the district court. The district court affirmed the magistrate judge's decision, except with regard to the additional amount in child support of fifteen percent of any pre-tax earnings in excess of $14,000 per month. The district court ruled that an automatic escalation clause was not considered by either party in response to the instant litigation and that there was no direct (nexus) link between

the escalation clause and the factors set forth in the Idaho Child Support Guidelines (I.C.S.G.), that are used to determine support where the income level is over $70,000.

Both Jeffrey and Mina appealed to this Court.

## II.

### STANDARD OF REVIEW

When reviewing decisions of a magistrate judge, this Court will uphold the magistrate judge's findings of fact if they are supported by substantial and competent evidence. *Ireland v. Ireland,* 123 Idaho 955, 958, 855 P.2d 40, 43 (1993). This Court exercises free review over questions of law. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.,* 127 Idaho 283, 285, 900 P.2d 191, 193 (1995). This Court is not bound by the legal conclusions of the magistrate judge, and is free to draw its own conclusions from the facts presented. *Kootenai Elec. Coop., Inc. v. Washington Power Co.,* 127 Idaho 432, 435, 901 P.2d 1333, 1336 (1995); *Cluff v. Bonner County,* 126 Idaho 950, 952, 895 P.2d 551, 553 (1995). This Court independently reviews the decision of a magistrate judge, with due regard for a district court's decision that was made in an appellate capacity. *Noble v. Fisher,* 126 Idaho 885, 888, 894 P.2d 118, 121 (1995).

## III.

### STATEMENT OF ISSUES

1. Did the magistrate judge err in ordering Jeffrey to pay a percentage of income over a given amount per month in addition to the fixed sum ordered as child support?

2. Did the magistrate judge abuse his discretion and incorrectly apply the law when he awarded child support in excess of $70,000.00 of combined gross income of the parties and required Jeffrey to pay 100% of all medical, dental, optical and orthodontic expenses of the minor children?

3. Did Jeffrey's maintenance obligation, as set forth in the divorce decree, cease upon Mina's remarriage?

4. Did the magistrate judge abuse his discretion in not applying the modified divorce decree to the date of filing of the Petition to Modify?

5. Did the magistrate judge abuse his discretion by failing to award attorney's fees to Mina in answering Jeffrey's Petition to Modify Decree of Divorce, and is Mina entitled to an award of attorney's fees on appeal pursuant to I.C. § 32–704 or I.C. § 12–121?

## IV.

### THE TRIAL COURT DID NOT ERR IN FINDING A SUBSTANTIAL, MATERIAL CHANGE OF CIRCUMSTANCES.

Before addressing the issue of whether the magistrate judge abused his discretion in awarding child support as determined in his decision, we must address one issue:

**Was there a substantial, material change of circumstances that had occurred since the entry of the divorce decree justifying the trial court's amendment of child support and medical, dental, optical and orthodontic expenses?**

This Court reviews the decision of the trial court and the record on appeal to determine if there is substantial, competent evidence to support a finding that a substantial and material change of circumstances occurred justifying modification of the divorce decree. *Rohr v. Rohr,* 128 Idaho 137, 911 P.2d 133 (1996); *Osteraas v. Osteraas,* 124 Idaho 350, 859 P.2d 948 (1993).

The trial court found:

Plaintiff has shown physical and emotional signs of an impending "burnout." He has become depressed more frequently; last summer became ill; and is more irritable. Dr. Draper, a friend of the Plaintiff and a psychiatrist, testified that Plaintiff tends to make irrational or unrealistic assessments of his abilities. He opined that unless Plaintiff cut back and reduced his workload and stress level, it was only a matter of time before he would reach the "burnout" phase. Dr. Stieglitz,

his managing partner, has advised Plaintiff that he must cut back on his workload for health reasons. If plaintiff does not voluntarily cut back, the partnership will force him to do so.

That a substantial and material change has occurred in that the plaintiff is no longer physically or emotionally able to continue with his present work schedule. The trial court is convinced that requiring plaintiff to do so would likely result in a professional 'burnout' because he cannot continue to work as before, his earning power will decrease and as such there is good cause under I.C. § 32–709 and Rule 60(b)(5), Idaho Rules of Civil Procedure to modify his divorce decree as to child support and maintenance provisions.

The evidence addressed at the trial and the findings of the trial judge support the decision of the trial court that a substantial material change of circumstances had occurred as required by I.C. § 32–709 and Rule 60(b)(5), Idaho Rules of Civil Procedure.

## V.

### THE MAGISTRATE JUDGE DID NOT ERR IN ORDERING JEFFREY TO PAY A PERCENTAGE OF INCOME OVER A GIVEN AMOUNT PER MONTH.

■ Jeffrey argues that an automatic increment based upon earning above a given level on the part of Jeffrey was beyond the trial court's jurisdiction and authority.

This Court has addressed this matter in the case of *Toyama v. Toyama*, 129 Idaho 142, 922 P.2d 1068 (1996):

[T]he purpose of I.C. § 32–709 is to minimize the number of occasions when divorce decrees must be disturbed. This purpose is well served by providing for automatic future adjustments in payments, even when the factor upon which the automatic adjustment hinges is somewhat uncertain. If the needs or resources of the spouses are "likely to change in the future, ... there is no logical reason to deprive a judge of authority to prescribe a payment schedule containing future adjustments."

*Toyama*, 129 Idaho at 144–45, 922 P.2d at 1070–71 (quoting *Brazier v. Brazier*, 111 Idaho 692, 699, 726 P.2d 1143, 1150 (Ct.App. 1986)).

We affirm the trial court's formulation of future child support payments.

## VI.

### THE MAGISTRATE JUDGE PROPERLY APPLIED THE I.C.S.G. SECTION 10(c) FACTORS IN DETERMINING THE AMOUNT OF CHILD SUPPORT AND DID NOT ABUSE HIS DISCRETION BY REQUIRING JEFFREY TO PAY 100% OF ALL MEDICAL, DENTAL, OPTICAL AND ORTHODONTIC EXPENSES OF THE MINOR CHILDREN.

■ Jeffrey urges this Court to rule that the I.C.S.G. in effect at the time of the Petition did not provide for computation of combined incomes above the figure of $70,-000.00; that this established a "cap" of the combined gross income of the members of the marital community that could be applied by the magistrate judge in determining the amount of child support to be awarded.

This Court decided this issue in the case of *Jensen v. Jensen*, 128 Idaho 600, 917 P.2d 757 (1996), as follows:

Section 10(c) of the I.C.S.G. provides that the Guidelines Income schedules, contained in Section 10(a) of the I.C.S.G., are not a limitation on the award of child support for combined Guidelines Incomes above $70,000.

*Jensen*, 128 Idaho at 604, 917 P.2d at 761.

The magistrate judge appropriately analyzed the combined income of the parties in excess of $70,000.00 and specifically relied upon Section 10(c) of the I.C.S.G. in making his determination.

Section 10(c) of the I.C.S.G. directs the trial judge, in awarding child support where the combined guideline incomes exceed $70,-000.00 per year, to consider the factors enumerated therein and directs the decision to the sound discretion of the trial judge. The magistrate judge in applying the factors contained in I.C.S.G. Section 10(c), perceived the

issue as one of the trial court's discretion; the magistrate judge acted within the "outer boundaries" of his discretion, and consistent with the legal standards applicable to the specific choices available to the trial court, and reached his decision by an exercise of reason. *Levin v. Levin,* 122 Idaho 583, 836 P.2d 529 (1992); *Reid v. Reid,* 121 Idaho 15, 822 P.2d 534 (1992).

## VII.

### JEFFREY'S MAINTENANCE OBLIGATION, AS SET FORTH IN THE DECREE OF DIVORCE, CEASED UPON MINA'S REMARRIAGE.

■ Jeffrey argues that his maintenance obligation to Mina ceased upon Mina's remarriage.

In the divorce decree granted to the parties on the 7th day of January, 1992, the trial court ordered:

> IT IS FURTHER ORDERED that every term and condition of the Property Settlement Agreement dated the 6th day of January, 1992, is hereby approved. Said Property Settlement Agreement was entered into evidence in these proceedings and is hereby specifically made an integral and non-separable part of this decree of divorce and specifically is merged and incorporated into this decree of divorce. The terms and conditions of said Property Settlement Agreement are herewith entered as a judgment of the court.

It is undisputed that Mina remarried in July of 1992, approximately seven months following the completion of her divorce action. Jeffrey urges this Court to apply the decision of *Greene v. Greene,* 102 Idaho 891, 643 P.2d 1061 (1982).

In *Greene,* this Court held that " '[e]xcept as otherwise agreed by the parties in writing, the obligation of any party in any decree, judgment or order for the support and maintenance of the other party shall terminate upon the death of the obligor or upon the remarriage of the other party.' " *Greene,* 102 Idaho at 894, 643 P.2d at 1064 (citations omitted).

■ The magistrate judge relied upon *Simplot v. Simplot,* 109 Idaho 92, 705 P.2d 1047 (Ct.App.1985). We reiterate the rule of law that was enunciated in *Greene,* that except as otherwise specifically agreed by the parties in writing, the obligation of any party in any decree, judgment or order for the support and maintenance of the other party shall terminate upon the death of the obligor or upon the remarriage of the other party.

The magistrate judge should not have relied upon *Simplot* to infer an agreement of the parties. Jeffrey's maintenance obligation to Mina ceased upon Mina's remarriage.

## VIII.

### THE MAGISTRATE JUDGE DID NOT ABUSE HIS DISCRETION IN NOT APPLYING THE MODIFIED DECREE OF DIVORCE TO THE DATE OF FILING THE PETITION TO MODIFY.

In paragraph 3 of the Pre–Trial Order entered in this matter by the magistrate judge, the parties agreed that any retroactive application "if allowed at all" would only be "retroactive to the date of the Pre–Trial Order." The magistrate judge did not abuse his discretion in declining to retroactively apply the modification of the divorce decree.

## IX.

### ATTORNEY FEES ON APPEAL

Mina seeks attorney fees on appeal pursuant to either I.C. § 32–704(3) or I.C. § 12–121.

■ No showing of financial need on the elements of I.C. § 32–705 are made sufficient to induce this Court to award Mina attorney fees on appeal. Genuine and substantive issues of law are raised by Jeffrey on appeal and fees was not awardable pursuant to I.C. § 12–121.

## X.

### CONCLUSION

We affirm the magistrate judge's determination of a substantive, material change of

circumstances; child support award, and date of modification of the prior decree. We vacate the magistrate judge's determination as to the continuance of Jeffrey's maintenance obligation. This matter is remanded for action by the magistrate judge consistent with this opinion. No fees or costs are awarded to either party.

McDEVITT and SCHROEDER, JJ., concur.

SILAK, Justice, concurring and dissenting in part:

I concur with the Court's opinion except that I respectfully dissent from Part VII, which holds that Jeffrey's maintenance obligation ceased upon remarriage.

The terms and conditions of the "Property Settlement Agreement" became merged into the divorce decree. Paragraph 12 of the Property Settlement Agreement provides:

> Plaintiff shall pay to Defendant as and for spousal maintenance, the sum of $1,200.00 per month, commencing on January 15, 1992, and terminating on December 15, 2005, or upon the earlier death of Defendant.

The conditions which would terminate Jeffrey's maintenance obligation are clearly set forth: a specific date, December 15, 2005, or Mina's death. Mina's remarriage was not incorporated as an event which would terminate the maintenance obligation.

I agree with the majority's reiteration of the rule in *Greene v. Greene.* I would hold, however, that these parties did otherwise agree upon the only two events that would terminate the maintenance obligation, the occurrence of a date certain, or the significant event of the wife's death. The significant event of the wife's remarriage is not listed as an event which terminates maintenance.

Accordingly, I would affirm the magistrate judge's determination that Jeffrey's maintenance obligation continued despite Mina's remarriage.

TROUT, C.J., concurs.