## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41062

| | |
|---|---|
| JEFF MARMOR, | ) 2014 Unpublished Opinion No. 567A |
| | ) |
| Plaintiff-Appellant, | ) Filed: June 18, 2014 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| PATRICIA MARMOR, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Respondent, | ) BE CITED AS AUTHORITY |
| | ) |
| and | ) AMENDED OPINION |
| | ) THE COURT'S PRIOR |
| GREENTREE SERVICING, LLC, as | ) OPINION DATED |
| servicer; JP MORGAN CHASE BANK, | ) JUNE 16, 2014 IS |
| N.A.; and 1-10 DOE'S INCLUSIVE (which | ) HEREBY AMENDED |
| entities or individuals are unknown at this | ) |
| time), | ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment and order for attorney fees, <u>affirmed</u>; judgment and order for supplemental attorney fees and costs, <u>reversed in part</u>.

Eagle Law Center, LLC; Aaron J. Tribble, Eagle, for appellant. Aaron J. Tribble argued.

Cosho Humphrey, LLP; Matthew R. Bohn; Matt Schelstrate, Boise, for respondent. Matthew R. Bohn argued.

_____

PERRY, Judge Pro Tem

Jeff Marmor appeals from the district court's judgments and orders awarding attorney fees and costs to Patricia Marmor pursuant to the parties' stipulated judgment and decree of divorce (Decree) following the dismissal of Jeff's "Complaint for Partition of Real Estate and Sale" (Complaint) on summary judgment. For the reasons set forth below, we affirm in part and reverse in part.

1

# I.

## FACTS AND PROCEDURE

Jeff and Patricia stipulated to the entry of the Decree in 2009. The Decree contained the following provision awarding Patricia the community residence located on Scopes Owl Drive in Kuna (Property):

> **15. <u>TRANSFERS TO WIFE</u>.** Husband shall, and by Stipulation he has transferred, assigned and conveyed to Wife as her sole and separate property, and forever waives any and all rights in and to, the items more particularly described as follows:
>
> **15.01.** Wife shall be awarded the marital property located at 304 E. Scopes Owl Dr., Kuna, Idaho. Wife will make a good faith effort to refinance the property within 180 days of the date of entry of the Judgment and Decree of Divorce in this matter at a comparable interest rate and/or payment amount. Wife will be responsible for all mortgage payments associated with this property. Husband's name shall remain on title until the refinance is complete. In the event Wife defaults on any mortgage payment she agrees she will cure the default within thirty (30) days or vacate premises. If the default is not cured the house will be placed on the market for sale by Husband and Wife. The parties shall co-operate fully in listing, showing, and signing any and all documents required to sell the property for any offer received at the then fair market value as determined by an independent appraiser. Wife will receive the entire proceeds from the sale minus costs and fees and maintenance fees paid by husband minus any rents received by husband prior to sale.

By November 2012, Patricia had not refinanced the Property and Jeff filed the Complaint in district court. Count I of the Complaint sought a declaratory judgment that Jeff and Patricia each had a joint tenant interest in the Property. Count II, entitled "Partition of Real Property," sought an order requiring the Property to immediately be refinanced or sold. Jeff also requested attorney fees. Patricia moved for summary judgment, arguing the Decree clearly and unambiguously awarded the Property as her sole and separate property; therefore, she argued that a partition action, which pursuant to Idaho Code § 6-501 may only be brought when co-tenants hold property as "parceners, joint tenants or tenants in common," failed as a matter of law and should be dismissed. Patricia also contended that the district court lacked jurisdiction to modify the Decree's provisions.

Following a hearing, the district court orally granted the motion for summary judgment, stating that if Jeff believed Patricia had not fulfilled her obligations under the Decree, he must seek remedy in the magistrate court. On March 8, 2013, the district court entered a judgment

dismissing the complaint. Within fourteen days, Patricia filed a memorandum for attorney fees and costs (Original Memorandum) on the basis of a provision in the Decree which provides:

> Each party shall bear their own attorney[] fees and costs for this action, provided however, that in any proceeding brought or defended in the future by either party to enforce the terms of this Stipulation, in any court, including state, or federal bankruptcy court, the substantially prevailing party in that proceedings shall be entitled to recover their costs, including attorney[] fees.

Jeff objected to Patricia's request for attorney fees and costs, arguing the Complaint was filed to enforce his "property rights," not the terms of the Decree. The district court disagreed, determining the broad language of the attorney fees provision of the Decree encompassed the action commenced by the Complaint. The court entered a judgment and order awarding fees and costs on April 25.

On May 2, before filing a notice of appeal and without posting a bond, Jeff filed a motion to stay execution of the judgment, which Patricia opposed. On May 23, following a hearing, the district court denied Jeff's motion in an oral ruling on the basis that an appeal bond had not yet been posted. On June 3, Jeff filed a renewed motion to stay execution, indicating that an appeal bond had been posted. He also filed a notice of appeal the same day. On June 4, the district court signed an order staying execution. On June 6, Patricia filed a supplemental memorandum for attorney fees and costs (Supplemental Memorandum), requesting fees and costs incurred in litigating Jeff's objection to her Original Memorandum for fees and costs and in responding to Jeff's attempt to stay execution of the judgment without posting an appeal bond. Jeff again objected to the award of these fees and costs contending, in part, that the Supplemental Memorandum was not filed within fourteen days of the April 25 judgment and order for fees and costs.

The district court decided the Supplemental Memorandum was timely filed, determining it related back to the date the Original Memorandum was filed. The court entered a memorandum decision and order denying Jeff's motion to disallow fees and costs and awarding Patricia the fees and costs she requested. The court subsequently entered a judgment to that effect. Jeff now appeals the first judgment and order awarding attorney fees and costs based on the Original Memorandum[1] and the district court's second judgment and order awarding

---

[1] In his brief on appeal, Jeff does not argue that the initial award of costs was in error and therefore, we only address the attorney fees component of that award.

supplemental attorney fees and costs upon a determination that the Supplemental Memorandum was timely.

## II.

## ANALYSIS

**A.      First Award of Attorney Fees Pursuant to the Decree**

Jeff contends the district court erred by awarding Patricia attorney fees pursuant to the attorney fees clause in the Decree. The rules applicable to construction of contracts generally apply to the interpretation of divorce decrees. *Toyama v. Toyama*, 129 Idaho 142, 144, 922 P.2d 1068, 1070 (1996); *Grecian v. Grecian*, 140 Idaho 601, 603, 97 P.3d 468, 470 (Ct. App. 2004). If the language of the decree is unambiguous, the determination of its meaning and legal effect is a question of law over which free review is exercised. *Toyama*, 129 Idaho at 144, 922 P.2d at 1070; *Grecian*, 140 Idaho at 603, 97 P.3d at 470. If the language is reasonably susceptible to differing meanings, however, it is deemed ambiguous and determination of its meaning is a question of fact. *Toyama*, 129 Idaho at 144, 922 P.2d at 1070; *Grecian*, 140 Idaho at 603, 97 P.3d at 470. A lower court's interpretation of a divorce decree will be upheld on review if it is supported by substantial and competent evidence. *Grecian*, 140 Idaho at 603, 97 P.3d at 470.

As excerpted above, the Decree provides that the "substantially prevailing party" is entitled "costs, including attorney[] fees" incurred "*in any proceeding brought or defended in the future by either party to enforce the terms of this stipulation*." (Emphasis added.) Jeff contends the Complaint was filed to enforce his property rights pursuant to "applicable Idaho property law, including Idaho Code § 6-501 *et seq*" rather than to enforce a term of the Decree and, therefore, attorney fees should not have been awarded pursuant to the Decree. He bases this argument on the fact that although the Decree contains terms regarding the refinancing of the Property (that Patricia is to make a good faith effort to do so within 180 days), it is "conspicuously silent" regarding what occurs if a refinance is not undertaken. Jeff argues the parties certainly did not intend to "remain joint tenants indefinitely" and did not include a term in the Decree covering what would happen should Patricia fail to refinance because "Idaho law automatically fills that gap." "So," he surmises, "it was the parties' intent to allow [Jeff] the option to exercise his property rights under I.C. § 6-501 *et seq* should a refinance be unsuccessful after 180 days." Thus, because the Complaint sought partition of the Property pursuant to *Idaho*

4

*law*, rather than any term of the Decree, he argues the action was not encompassed by the plain language of the attorney fees clause.

Jeff's attempt to characterize the Complaint as solely seeking to enforce his amorphous "property rights" to the exclusion of the terms of the Decree is unavailing. First, the actual language of the Complaint makes clear that the basis of his request to partition, indeed the impetus behind its filing, was Patricia's alleged failure to comply with the refinancing requirement *contained in the Decree*. Jeff alleged in the Complaint that Patricia was ordered, pursuant to the Decree, to refinance the Property within 180 days of the Decree and "[d]espite [Jeff's] repeated requests [Patricia] has failed to take any steps to refinance or sell the Property." In Count II, entitled "Partition of Real Property," Jeff listed four reasons he was seeking a sale instead of a partition in kind, three of which related to the issue of refinancing:

> (2) [Patricia] has been either unwilling or unable to refinance the property as stipulated to in a 2009 Property Settlement Agreement between the parties, (3) so long as [Jeff] remains obligated on the debt service associated with the Property [Jeff] does not have the financial resources necessary [to] support an additional mortgage and is thus precluded from property ownership, (4) [Patricia] has been unwilling to refinance or cooperate with the listing and sale of the Property.

Finally, in the Complaint's "Prayer for Relief" concerning the "Partition of Real Property," Jeff requested:

> 4. *An order and judgment that the real property be immediately refinanced*, removing [Jeff] from any and all debt service obligations, or that the real property [be] sold and that the proceeds of the sale and any other encumbrances be paid, together with the costs and expenses of this action and the sale of the Property, and the remainder then be divided between [Jeff] and [Patricia] in accordance with their respective interests and rights under the Property Settlement Agreement[.]

(Emphasis added.)

Jeff reiterated this focus on the terms of the Decree at the summary judgment hearing, repeatedly referencing his contention that Patricia had not "made the good-faith attempt to obtain the refinancing." Additionally the following exchange occurred between the district court and Jeff's counsel:

> The Court: Well, ultimately the relief . . . or the claim that is being made is that [Patricia] has *failed to fulfill her legal obligation in making a good-faith attempt to refinance* or otherwise get your client's name off the debt instruments, essentially . . . so that he is no longer in any way, shape, or form liable on the mortgages on this place.

5

That's ultimately all he wants. Right?

[Plaintiff's Counsel]: Correct.

The Court: And having failed to persuade or otherwise force or persuade his ex-wife to get on the ball and refinance this place or sell it or whatever, just pay off these two notes with his name on them, he just wants an order ultimately from me finding that this house has to be sold and all of the proceeds can go to her as soon as the lienholders are paid off.

[Plaintiff's Counsel]: Disposed of. Whether that is a refinance in her name or a sale doesn't matter. And to continue maybe, I think the question is coming, *because of her failure to fulfill her obligations, it's not her sole and separate*. Because it's not her sole and separate, he has a right to partition.

(Emphasis added.)

Finally, Jeff's argument on appeal that he was simply enforcing his property rights requires that we accept his interpretation of the Decree that the parties intentionally did not include a term covering what would happen should Patricia fail to refinance because they intended general Idaho property law to apply--the latter of which he could attempt to enforce without triggering the attorney fees clause of the Decree. This assertion, however, in addition to requiring a tortured interpretation of the Decree, is in direct contravention of the Decree's integration clause stating that the Decree was the "entire understanding of the parties." Jeff is also incorrect in asserting that the Decree is silent as to what occurs if the Property is not refinanced; the plain language of the document provides that Jeff's name remains on the title. If this term was not acceptable to Jeff, as he now asserts, he was free to negotiate the inclusion of an alternate remedy at the time the stipulation was entered.

Given the factors discussed above, especially the Complaint's repeated citations to the Decree and its terms, the only reasonable conclusion is that the substance of the Complaint was an attempt to enforce the terms of the Decree or, at least, to get an interpretation and/or modification of the Decree in light of Patricia's alleged noncompliance with the requirement that she make a good faith effort to refinance. The district court did not err in awarding attorney fees pursuant to the Decree upon making this determination.

B.      Timeliness of Patricia's Supplemental Memorandum

Jeff contends that even if this Court finds that an award of attorney fees to Patricia was warranted under the attorney fees clause of the Decree, the district court erred by awarding a portion of the attorney fees and costs requested in Patricia's Supplemental Memorandum because

it was not timely filed. Specifically, he contends the portion of the Supplemental Memorandum detailing fees incurred in defending against Jeff's initial motion to disallow attorney fees and costs was untimely because it was not filed within fourteen days of the district court's April 25 judgment and order for fees and costs.[2]

In relevant part, Idaho Rule of Civil Procedure 54(d)(5), provides:

> At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment. . . . Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs.

Although this rule fails to address time limits for seeking an award of fees and costs incurred post-judgment, it has a discernable application to the circumstances presented in this case and bars an award based on Patricia's Supplemental Memorandum. The rule requires that a request for fees and costs incurred in order to obtain a judgment be filed within fourteen days after entry of that judgment. The fees and costs sought in Patricia's Supplemental Memorandum were not incurred prior to entry of the initial March 8, 2013, judgment, but they were incurred prior to entry of the judgment and order for attorney fees and costs filed on April 25, 2013, and they were incurred for the very purpose of obtaining the award of fees and costs included in that judgment. Therefore, pursuant to Rule 54(d)(5), the Supplemental Memorandum was untimely because it was not filed within fourteen days from the April 25 judgment.

While not directly on point, the Idaho Supreme Court's opinion in *Allison v. John M. Biggs, Inc.*, 121 Idaho 567, 826 P.2d 916 (1992), is illuminating. There, a judgment was entered in September 1988 in favor of Allison and was amended several days later to include attorney fees. In June 1990, Allison filed a motion for an award of attorney fees for her post-judgment attempts to execute on the judgment, which the district court granted. On appeal, the Supreme Court held there was no statutory basis for an award of the post-judgment fees, but in dicta went on to observe that Allison's motion was untimely in any event. The Court noted that the right to

---

[2] Patricia's Supplemental Memorandum requested $2,344.50 in attorney fees for work performed between April 11 and May 31, 2013. Jeff only argues that the Supplemental Memorandum was untimely in regard to work performed between April 11 and 26, which amounts to approximately $1400. The remainder of the fees were for work incurred in defending against Jeff's motion to stay the execution of judgment. Jeff does not challenge the timeliness of the Supplemental Memorandum as to those fees.

an award of fees is "limited and defined by the Idaho Rules of Civil Procedure" and that Rule 54(d)(5) "explicitly limits the time period in which a memorandum can be filed to fourteen days after entry of the judgment." *Allison*, 121 Idaho at 568, 826 P.2d at 917. The Court also rejected Allison's argument that the time limits under Rule 54 may be enlarged in the discretion of the trial court. Again in dicta, the Court pointed out that an extension of time would have to comply with Idaho Rule of Civil Procedure 6(b). *Allison*, 121 Idaho at 569, 826 P.2d at 918. That rule allows the court to extend the time to perform an act only by stipulation or "for cause shown" if the request is made before the expiration of the period originally prescribed, or upon a motion made after expiration of the specified period where it is shown that the failure to act was the result of excusable neglect. Here, Patricia made no motion, before or after the expiration of the fourteen-day period, for permission to file the Supplemental Memorandum late, nor did she make any demonstration of good cause or excusable neglect for failing to file timely. Therefore, the Supplemental Memorandum was time-barred and fees should not have been awarded on it.

For the first time at oral argument, Patricia cited *Bedke v. City of Oakley*, 149 Idaho 532, 237 P.3d 1 (2010), for the proposition that her Supplemental Memorandum could be properly treated as an amendment to her Original Memorandum. The *Bedke* decision is inapposite, however, because in *Bedke* the supplemental memorandum was filed *before* a final judgment had been rendered on the original memorandum of costs and fees. *Bedke* was a water law case, which was part of the Snake River Basin adjudication, and had a complex procedural history. In December 2006, a special master granted the City's request for summary judgment and recommended that the Bedkes' claimed water rights be disallowed by the district court. A week later, the City filed its initial memorandum of costs and fees. In January 2008, the special master issued an order recommending that the district court award the City attorney fees. On March 11, 2008, the district court issued an order disallowing the Bedkes' water rights, but found an error in a portion of the special master's recommendation on attorney fees and recommitted that issue of attorney fees to the special master for further action. Upon recommitment, the special master rejected the Bedkes' motion to alter or amend the special master's recommendation regarding attorney fees. On April 17, 2008, the Bedkes filed with the district court a notice of challenge to that order of the special master. On April 21, 2008, the City filed a second memorandum of costs and fees seeking to recover expenses it had incurred after filing the original memorandum in December 2006. After receiving the Bedkes' objection that this second memorandum was not

8

verified, on May 2, 2008, the City filed a verified second memorandum of costs and attorney fees. The district court adopted the special master's recommendation that the City be awarded attorney fees, including those requested in the second memorandum, and entered judgment accordingly. On appeal, the Supreme Court rejected the Bedkes' argument that the City's second memorandum for costs and attorney fees should have been denied as untimely. The Supreme Court held that the district court properly considered the City's second memorandum as a supplement to its original memorandum for costs and fees.

There is an important distinction between the *Bedke* case and the present case, however, because in *Bedke*, the second memorandum was filed before a judgment had been entered by the district court on the timely filed original memorandum of costs and fees.[3] The second memorandum was in substance an amendment to the initial memorandum, and no judgment had been entered on the original memorandum from which the fourteen-day time limit of Rule 54(d)(5) could begin to run. By contrast, in the present case the district court had entered a judgment granting fees and costs on Patricia's Original Memorandum, and more than fourteen days had expired thereafter before Patricia filed her Supplemental Memorandum requesting fees and costs that were incurred in order to obtain the award embodied in the April 25 judgment. Under these circumstances, Patricia's Supplemental Memorandum cannot be properly considered as an amendment or supplement to her Original Memorandum upon which the district court had already taken final action. If the Supplemental Memorandum was considered a timely supplement to the Original Memorandum in this instance, there is effectively no time limit for filing supplemental memorandums for fees and costs. That result is not consistent with the letter or intent of Rule 54(d)(5).

Although it may be understandable that Patricia decided to request the additional attorney fees and costs only after Jeff filed a motion to stay execution of the judgment without posting a bond, thereby requiring Patricia to incur still more attorney fees, the fact remains that the Supplemental Memorandum was untimely. Accordingly, the portion of the district court's judgment and order awarding the fees and costs requested in Patricia's Supplemental

---

[3]     The same is true of the amendment to a cost bill that was permitted in *Ada Cnty. Highway Dist. v. Acarrequi*, 105 Idaho 873, 874-75, 673 P.2d 1067, 1068-69 (1983), which the *Bedke* opinion cites.

Memorandum that were incurred after submission of Patricia's Original Memorandum and prior to entry of the district court's April 25 judgment is reversed.

## C.     Attorney Fees on Appeal

Both parties request attorney fees on appeal pursuant to the attorney fees provision of the Decree. Jeff also invokes Idaho Code § 12-121, which provides for the award of fees to the prevailing party when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). However, both parties prevailed only in part and so neither party can be deemed the prevailing party. *Wilhelm v. Johnston*, 136 Idaho 145, 154, 30 P.3d 300, 309 (Ct. App. 2001). Therefore, we do not award attorney fees or costs on appeal.

## III.

## CONCLUSION

The district court did not err by determining the Complaint was an attempt to enforce the terms of the Decree such that the award of attorney fees to Patricia pursuant to the attorney fees provision of the Decree was appropriate; thus, the first judgment and order awarding these fees is affirmed. The district court did err, however, by determining that a portion of Patricia's Supplemental Memorandum was timely and awarding fees accordingly. The second judgment and order awarding fees and costs pursuant to the Supplemental Memorandum is reversed in part. No fees or costs are awarded on appeal.

Judge LANSING and Judge MELANSON **CONCUR.**