IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48843

| | |
|---|---|
| WENDY ELAINE TAYLOR,<br><br>　　　　Petitioner-Respondent,<br><br>v.<br><br>DAVID DOUGLAS TAYLOR,<br><br>　　　　Respondent-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Filed:  February 9, 2022<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Theodore Tollefson, Magistrate.

District court's decision on appeal affirming the magistrate court's final judgment regarding respondent's motion to modify or terminate spousal support, <u>affirmed</u>.

Boise Law Group; Natalie Greaves, Boise, for appellant.  Natalie Greaves argued.

The Patrick Law Group; Rudy L. Patrick, Meridian, for respondent.  Rudy L. Patrick argued.

_____

HUSKEY, Chief Judge

David Douglas Taylor appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment terminating spousal support.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

David and Wendy Taylor were granted a divorce in April 2012.  The property settlement agreement was incorporated and merged into the judgment and decree of divorce, which provided that David would pay spousal maintenance to Wendy in the amount of $2,260 per month until David retired or reached the age of 67, whichever came first.  Payments would cease if Wendy remarried.

David was under the impression that Wendy remarried on March 31, 2019.  Wendy believed that David unilaterally ceased spousal support payments and warned him that she would

file a contempt motion. Thereafter, on August 14, 2019, David filed a petition to terminate spousal support. In the petition, David alleged that on March 31, 2019, Wendy married Richard Whitted. David also alleged: "Upon information and belief, [Wendy] and Mr. Whitted live together and share their household expenses and hold themselves out as a married couple." On September 13, 2019, David filed a notice of intent to take default. Wendy filed a response three days later.

On October 29, 2019, Wendy filed a motion for summary judgment to dismiss the petition because she had not remarried. David filed a response to Wendy's motion, arguing that there was a genuine issue of material fact as to whether a legal marriage was required in order for the termination provision in the decree to take effect or, alternatively, a genuine issue of material fact on whether there was a substantial change of circumstances warranting termination. David subsequently filed a motion to amend his petition, asserting: "though both causes of action were mentioned in the Petition, (termination by operation and termination based upon a substantial change of circumstances of the parties) this Amended Petition gives a more definite statement of facts in support of the Petition." On December 23, 2019, the parties stipulated to the filing of an amended petition. In the amended petition, David again asserted that Wendy had remarried and, for the first time, asserted there were "several substantial changes" in Wendy's financial circumstances based on a variety of factors. On December 24, 2019, after briefing and oral argument, the magistrate court denied Wendy's motion for summary judgment. The magistrate court determined as a matter of law that Wendy had not legally remarried, but found there was a genuine issue of material fact as to whether there had been a substantial and material change in Wendy's circumstances.

In April 2020, David filed a motion for summary judgment seeking to terminate his spousal support. On June 2, 2020, the magistrate court entered a memorandum decision and order finding there had been a substantial and material change in circumstances and that Wendy had sufficient property to provide for her reasonable needs and could support herself through employment. Accordingly, the magistrate court found that spousal support was no longer necessary and granted David's motion, thereby terminating David's spousal support obligation; the court ordered David's last spousal support payment to be the previously scheduled June 15, 2020, payment.

David filed a motion for reconsideration challenging the magistrate court's order regarding spousal support, arguing: (1) Wendy would be unjustly enriched if David was required to continue paying spousal support payments after the filing of the initial petition; (2) Wendy was not entitled

2

to spousal maintenance after September 1, 2019, the first day of the month after David filed his initial petition to terminate spousal support; and (3) allowing Wendy to receive the payments that accrued subsequent to his initial petition would encourage delay in the litigation process. The magistrate court rejected David's arguments and found that any delay in the case was at least partially attributable to David. Accordingly, the court denied the motion for reconsideration.

While the motion for reconsideration was pending, David filed a second motion for summary judgment regarding the life insurance obligation, and therein requested attorney fees pursuant to Idaho Code §§ 12-121, 12-123 and Idaho Rule of Family Law Procedure 901-908. In his reply in support of the motion, David argued the end date for spousal maintenance should be September 1, 2019.[1] Recognizing that it was within the magistrate court's discretion to retroactively terminate spousal support payments to the date of filing, David argued that if the magistrate court found that Wendy did not qualify for spousal support based on reasons that were in place at the time David filed his amended petition, it was an abuse of discretion to require David to continue payments through June 15, 2020.

On August 12, 2020, the magistrate court issued an order on David's second motion for summary judgment and terminated David's life insurance obligation as set forth in the 2012 decree and property settlement.[2] The magistrate court ordered that, like the spousal maintenance, the life insurance obligation would terminate on June 15, 2020. Regarding this termination date, the magistrate court held that, pursuant to the previously entered order, and contrary to David's argument, Wendy was entitled to spousal support until the order granting David's first motion for summary judgment was entered on June 2, 2020. The magistrate court also concluded that terminating spousal support as of June 15, 2020, would cause the least disruption to both parties.

---

[1]     David did not raise the claim of retroactive termination of spousal support issue in the second motion for summary judgment or the brief in support of the motion. Instead, in his reply in support of that motion, he recognized that while the second motion for summary judgment was pending, the magistrate court denied his motion for reconsideration of the order on the first motion for summary judgment. Notwithstanding that the spousal support issue was not raised in the second motion for summary judgment or the brief in support, in David's reply brief, he again raised all the arguments regarding retroactive termination of spousal support, explaining his arguments would be "helpful" to the magistrate court if the magistrate court were inclined to grant the second motion for summary judgment. Notably, the only issue pending in the second motion for summary judgment was the life insurance issue.

[2]     The magistrate court's order in relation to the life insurance obligation is not at issue in this appeal.

3

The court denied David's request for attorney fees, finding that he failed to show Wendy had frivolously or without foundation defended against David's second motion for summary judgment.

The magistrate court entered a final judgment terminating David's spousal support obligation and denying David's request for attorney fees. David appealed, arguing the magistrate court abused its discretion by ordering spousal support to continue through June 15, 2020, and by denying his request for attorney fees. The district court affirmed the magistrate court, finding that it did not abuse its discretion when it ruled that spousal support payments would end on June 15, 2020. The district court also found that the magistrate court did not abuse its discretion by finding that David failed to show Wendy frivolously or without foundation defended the motion for summary judgment and, therefore, David was not entitled to attorney fees. David timely appeals from the district court's opinion affirming the magistrate court's final judgment terminating spousal support.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, we affirm the district court's decision as a matter of procedure. *Id.* Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012).

## III.

## ANALYSIS

David argues the district court erred in concluding the magistrate court did not abuse its discretion when it declined to retroactively terminate spousal support. David asserts that the substantial and material change in circumstance that warranted termination of spousal support existed when he filed his petition on August 14, 2019, and, therefore, the magistrate court should have retroactively terminated David's spousal support obligation beginning September 1, 2019,

4

the first scheduled payment date following the date David filed his original petition. Wendy asserts the district court did not err by affirming the magistrate court's order that spousal support would conclude on June 15, 2020.

Whether to award spousal maintenance under I.C. § 32-705 is discretionary and requires the court to give due consideration to each party's financial needs and abilities. *Pelayo*, 154 Idaho at 861, 303 P.3d at 220. An existing order or decree of spousal maintenance may be modified "only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial and material change of circumstances." I.C. § 32-709(1). The decision when to apply a modification or termination of spousal maintenance is left to the discretion of the trial court. *Keller v. Keller*, 130 Idaho 661, 665, 946 P.2d 623, 627 (1997); *Olsen v. Olsen*, 98 Idaho 10, 11, 557 P.2d 604, 605 (1976). When the district court sits in its capacity as an appellate court and reviews a magistrate court's discretionary decision, the district court conducts a multi-tiered inquiry to determine whether the magistrate court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

David agrees that when to apply a modification or termination of spousal maintenance is within the discretion of the trial court. Nonetheless, David argues the magistrate court's decision not to retroactively terminate the spousal maintenance is not supported by substantial and competent evidence and that the magistrate court acted beyond the outer bounds of its discretion. David makes essentially four arguments in support of his allegation: (1) it was error to determine I.C. § 32-709 did not entitle David to any retroactive termination of spousal maintenance payments; (2) Wendy would be unjustly enriched unless the payments ceased as of the date David filed the initial petition; (3) public policy supports a retroactive termination in these circumstances; and (4) it was error to attribute any delay to David based on the filing of his December 23 amended petition because that amendment related back to his August 14 petition. The district court did not err in affirming the magistrate court's conclusion that David was not entitled to retroactive termination of spousal support.

Preliminarily, this Court notes that David argues the parties' stipulation that there was a substantial change in Wendy's financial circumstances, resolves the issue of whether Wendy should have continued to receive spousal support payments. While it is true that Wendy stipulated

5

that there was a substantial change in her circumstances, she specifically argued that change was not substantial enough to warrant a modification of spousal maintenance.

In his motion for reconsideration of the June 2 order on David's first motion for summary judgment, David cited I.C. § 32-709 and argued that pursuant to that statute, he was "entitled to the spousal maintenance provision abating the first day of the month following the filing of the Petition." Idaho Code § 32-709 provides: "The provisions of any decree respecting maintenance or support *may* be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial and material change of circumstances." (Emphasis added.) In the order denying the motion for reconsideration, the magistrate court correctly noted:

> There is no provision or language in Idaho Code § 32-709 which "entitles" David to spousal maintenance abatement from the first day of the month filing the Petition. Idaho Code § 32-709 only allows a Court to modify installments of spousal maintenance that accrue after the filing of the petition to modify. There is no language in Idaho Code § 32-709 that a moving party is "entitled" to have spousal maintenance backdated to the date of filing.

In its opinion affirming the magistrate court, the district court stated:

> By [David's] logic, any modification of a spousal support order would require retroactive relief to the filing date. However, that is not how the statute is written. Idaho Code § 32-709 gives the magistrate discretion to rule on when spousal support will be modified or terminated.

The district court found the magistrate court did not abuse its discretion by concluding that the previously ordered spousal maintenance would continue until the first scheduled payment following the entry of the magistrate court's order on David's first motion for summary judgment. Idaho Code § 32-709 gives magistrate courts the discretion to set the date of termination of spousal support, therefore, the district court correctly affirmed the magistrate court's order rejecting David's argument that he was statutorily entitled to retroactive relief.

David also contends the magistrate court's decision to terminate spousal maintenance and "yet continue the award for ten months" is internally inconsistent. David asserts that "it is inconsistent for the Magistrate Court to both conclude that there was a substantial and material change in circumstances to justify terminating spousal support in August 2019 and to then order that David continue to pay Wendy spousal support for another ten months." David mischaracterizes the procedural posture of the magistrate court's order. The issue in this case is not whether the magistrate court abused its discretion in *awarding* spousal maintenance payments,

6

but whether the magistrate court abused its discretion by declining to *retroactively terminate* previously ordered spousal maintenance payments. The magistrate court did not conclude there was a substantial and material change in circumstances on August 14, 2019; that determination was not made until the magistrate court entered its order on June 2, 2020. As a result, the magistrate court did not award an additional ten months of spousal support but, instead, declined to retroactively terminate spousal support to the date when David filed his initial petition. It was not internally inconsistent for the magistrate court to continue the status quo and require David to pay the previously ordered spousal support until the court issued a decision on the motion to terminate.

David asserts the magistrate court erred by rejecting his claim that Wendy would be unjustly enriched by receiving the spousal maintenance payments that accrued after David filed his petition to modify. Unjust enrichment is the measure of recovery under a contract implied-in-law, which "is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity without reference to the intent of the agreement of the parties, and, in some cases, in spite of an agreement between the parties." *Turcott v. Est. of Bates*, 165 Idaho 183, 190, 443 P.3d 197, 204 (2019). To establish a claim for unjust enrichment, a plaintiff must prove: "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Id.* David has not established that it was inequitable for Wendy to receive previously ordered maintenance payments until the district court issued a final decision on the matter. David has failed to show the district court erred in concluding that the magistrate court acted within the bounds of discretion by terminating the spousal maintenance payment as of June 15.

Next, David argues the public policy rationale behind spousal maintenance supports a retroactive termination and cites *Phillips v. Phillips*, 93 Idaho 384, 388, 462 P.2d 49, 53 (1969) in support of his argument. *Phillips* is inapposite here because *Phillips* does not address retroactive termination of spousal support. Instead, the opinion merely recognizes that a court has jurisdiction to modify or terminate spousal support payments and concludes the court's exercise of discretion in that case was supported by substantial and competent evidence. *Id.* at 387-88; 462 P.2d 52-53. While retroactive termination may be justified in certain circumstances, in this case the magistrate court, after considering all the evidence and applying the relevant law, exercised its discretion and

7

determined retroactive termination was not appropriate. The district court affirmed that finding, and we agree such a conclusion was within the appropriate exercise of the magistrate court's discretion.

David also contends that public policy supports retroactive termination because Wendy delayed litigation by failing to respond to his petition until after he filed a notice of intent to take default and by failing to respond to his discovery requests without a motion to compel. The district court agreed that, in certain cases, one party may delay litigation in order to continue receiving spousal support. However, the magistrate court concluded those circumstance did not exist in this case. The district court found the magistrate court's decision that Wendy had not engaged in delay tactics was supported by substantial and competent evidence. The district court further explained that the mere possibility that a spouse may be incentivized to delay litigation to continue receiving support payments was not a sufficient reason to retroactively terminate support in this case when the magistrate court found that Wendy did not engage in delay tactics and that any delay was partially attributable to David, not Wendy.

The district court affirmed the magistrate court's determination that David was at least partially responsible for the delay in ligation because his initial petition asked for relief that was unavailable pursuant to I.C. § 32-709. David asserts it was error to attribute any delay to him because, under I.R.F.L.P. 216(a)(2), his December 23 amended petition related back to his August 14 petition. David's initial petition alleged that his "obligation to pay [Wendy] spousal support ceased by operation of law since [Wendy] remarried on March 31, 2019. In the alternative, pursuant to I.R.F.L.P. 809(5), [he] should be relieved from the prospective application of the judgment."[3] Regardless of whether the amended petition relates back to the original petition, the district court concluded that the magistrate court appropriately exercised its discretion when determining the final spousal support payment. As such, David has failed to show the district court erred in evaluating the magistrate court's exercise of discretion.

---

[3]  Both the initial petition and the amended petition cite Idaho Rule of Family Law Procedure 809(5), which was re-codified as I.R.F.L.P. 805(b)(5) during the pendency of this case. The language of I.R.F.L.P. 805(b)(5) is identical to I.R.F.L.P. 809(5) and provides that courts may relieve a party from a final judgment, order, or proceeding if the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

David also argues that although Wendy was not responsible for the portion of delay in the case attributable to the COVID-19 pandemic, Wendy benefited by receiving the three months of spousal support that accrued during the delay. To the extent David is arguing the magistrate court should have paused spousal maintenance support payments during that time or should have given him credit for that period, he cites no authority in support of this proposition. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Even considering any delay attributable to COVID-19, David has failed to show the district court erred in evaluating the magistrate court's exercise of discretion.

David has failed to show that the district court erred in affirming the magistrate court's decision to decline to retroactively terminate spousal support on any of the argued bases. The magistrate court's decision not to retroactively terminate spousal maintenance is supported by substantial and competent evidence and, thus, we affirm the district court on this ground.

In setting the date for the final spousal support payment, David argues it was neither necessary nor sufficient for the magistrate court to consider the disruption to the parties when determining the date of the final payment and that consideration of this factor is not supported by "the plain language of the statute as to which factors the Court should consider in modifying a spousal maintenance award." Although David does not cite to a statute, he appears to be referencing I.C. § 32-705(2), which provides a non-exhaustive list of factors a court may consider when awarding spousal maintenance. While I.C. § 32-705(2) provides factors to consider when awarding spousal maintenance, it does not direct the court to consider any particular factors when setting the date for termination of spousal maintenance. Moreover, I.C. § 32-705(2) makes no mention of retroactive termination. Thus, the magistrate court did not err by considering disruption to the parties and ordering David's spousal support payments to conclude with the previously scheduled June 15, 2020, payment.

Finally, David argues the district court erred in concluding the magistrate court did not abuse its discretion when it denied David's attorney fees under I.C. § 12-121. Under I.C. § 12-121, a judge may award attorney fees to the prevailing party when the judge finds that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. David asserts Wendy defended the second motion for summary judgment frivolously and without foundation because she did not sign the affidavit included with her response to the motion. The magistrate court's finding that David failed to show that Wendy defended the motion frivolously,

9

unreasonably, or without foundation is supported by substantial and competent evidence. Accordingly, the district court did not err by concluding the magistrate court did not abuse its discretion by denying David's request for attorney fees.

## IV.

## CONCLUSION

The district court did not err by affirming the magistrate court's judgment terminating spousal support and by affirming the magistrate court's order denying David's request for attorney fees. Accordingly, we affirm the district court's decision on appeal affirming the magistrate court's final judgment. Although Wendy is the prevailing party, she did not request attorney fees on appeal; consequently, she is awarded costs but not attorney fees.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.